**LADIES CENTER, NEBRASKA, INC., a corporation, and M. John Epp, M.D., Appellants,**

**Betty Roe, by her next friend, Barbara Gaither; Elizabeth F.**

v.

**Charles THONE, Governor of the State of Nebraska; Paul L. Douglas, Attorney General for the State of Nebraska, and Donald L. Knowles, County Attorney for the County of Douglas, State of Nebraska; Marilyn A. Schneider, Appellees.**

No. 80–1884.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1981.

Decided April 9, 1981.

Order Filed May 14, 1981.

See also, D.C., 483 F.Supp. 1022, and, 8 Cir., 636 F.2d 206.

**646**

Michael T. Levy, Omaha, Neb., for appellants.

Paul L. Douglas, Atty. Gen., Jerold V. Fennell, Asst. Atty. Gen. (argued), Lincoln, Neb., for appellees.

Lawrence I. Batt, Garber & Batt, Omaha, Neb., for plaintiffs-appellants.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Ladies Center, Nebraska, Inc. appeals the amount of attorney fees awarded by the district court[1] pursuant to 42 U.S.C. § 1988 (1976)[2] in their successful challenge of the constitutionality of Nebraska's abortion regulation statute. *See Womens Services, P.C. v. Thone,* 483 F.Supp. 1022 (D.Neb. 1979), *aff'd,* 636 F.2d 206 (8th Cir. 1980). We affirm the district court.

Subsequent to the district court's decision in *Womens Services,* counsel for Ladies Center, Nebraska, Inc., for Womens Services, P.C., and for the class of women desiring an abortion filed applications for awards of attorney fees. On June 2, 1980, the district court awarded counsel for Ladies Center a total of $26,400.10 for fees and costs. The award included 73 hours of in-court attorney fees at a rate of $70 per hour and 400 hours of out-of-court fees at $55 per hour, both less ten percent for duplication with other counsel, plus 100 hours of law clerk time at $15 per hour. Womens Services was awarded a total of $31,965 for attorney fees and costs,[3] and the class of women seeking an abortion was awarded a total of $11,801.24 for fees and costs. On August 15, 1980, the district court amended the award of attorney fees and costs, and increased the amounts awarded to Ladies Center and Womens Services by $485.82 and $4959.52 respectively. In this case we deal with Ladies Center's appeal of its award. Womens Services' related appeal is

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska.

2. 42 U.S.C. § 1988 provides in pertinent part:

 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

3. Womens Services appeals this award. In an opinion filed this same day, we affirm the district court. *Womens Services, P.C. v. Thone,* 645 F.2d 649 (8th Cir. 1981).

dealt with in *Womens Services, P.C. v. Thone*, 645 F.2d 649 (8th Cir. 1981), filed this same day. Counsel for the class of women seeking an abortion has not appealed her award of attorney fees.

Ladies Center contends the district court abused its discretion in computing the amount of attorney fees awarded to them. Ladies Center does not challenge the district court's rate of pay nor the ten percent reduction for duplication. The focus of the Ladies Center appeal concerns the district court's reduction of 149.9 hours of attorney fees requested by counsel.

This court has expressly adopted the guidelines for attorney fees set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 (8th Cir. 1978); *Allen v. Amalgamated Transit Union, Local 788*, 554 F.2d 876, 884 (8th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). As noted in *Zoll*, 588 F.2d at 252 n.11:

> In assessing attorney's fees, the district court should consider twelve factors: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

Ladies Center argues that the district court did not follow the dictates of *Johnson* when it reduced by 149.9 hours the total hours requested by counsel. In *Zoll*, we stated that "[u]nder the *Johnson* standards, the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate." *Id.*, 588 F.2d at 252. This statement, however,

was not a complete limitation on the district court's discretion to award only "reasonable" attorney fees, but only a general guideline to be followed in the absence of unusual circumstances. Less than a week after *Zoll* was decided, we stated, in *Brown v. Bathke*, 588 F.2d 634, 638 (8th Cir. 1978), that

> The court also, of course, remains free to determine the appropriate hourly rate to be paid to an attorney with the skill and experience of Brown's counsel, and to determine the number of hours which should be required to competently prepare for and try a case of this type.

■ To reiterate, in determining attorney fees, the district court should ordinarily award the number of hours claimed, multiplied by the attorney's regular hourly rate. If, however, the district court finds that a lesser amount is appropriate, it may reduce the award, provided that the court states its reasons for so doing.

■ In this case, the district court specifically considered the factors listed in the *Johnson* decision in its fifteen-page memorandum opinion. Ladies Center, however, alleges that "the district court made no finding that * * * counsel used his time inefficiently or needlessly or that the number of hours claimed were excessive." Appellant's brief at 13. The district court's opinion reveals otherwise. First, the court reviewed the investment of attorney time in gaining familiarity with case law in the abortion area. The court concluded that "an attorney's education time in the abortion area requires a substantial initial investment, with a relatively insignificant amount of review research time as the case progresses." Second, the court concluded that ordinarily an attorney only bills out six hours per day, or 1500 hours per year. Third, the court recognized the duplicative effort involved in this case. Fourth, and most important, the district court found, in light of the nature of the case involved herein, that counsel were requesting excessive fees:

> The compensation requests of the plaintiffs' counsel is almost a quarter of a

million dollars. This is an extravagant amount for a case culminating in a two-week trial. Section 1988 is not meant to be a punitive statute, and it is a court's obligation to reduce exorbitant requests to the level of reasonableness.

■ Clearly, the district court did not abuse its discretion in determining "the number of hours which should be required to competently prepare and try a case of this type." *Brown v. Bathke*, 588 F.2d at 638. Two of the members of this panel, Judge Gibson and Judge Ross, were also members of the panel that affirmed the *Womens Services* case on direct appeal. Our familiarity with the issues involved in the *Womens Services* case leads us also to conclude that counsel should have been able to try the case with a considerably lower expenditure of attorney time than that claimed. No abuse of discretion on the part of the trial court has been shown.

Ladies Center also contends that the district court abused its discretion in refusing to award them certain out-of-pocket expenses incurred in connection with the case. In its brief, Ladies Center argues that the trial court erred in its finding, in a footnote to the memorandum decision, that 42 U.S.C. § 1988 does not include "related out-of-pocket expenses." The issue of whether reasonable out-of-pocket expenses are includable as attorney fees under section 1988 need not be determined at this time. *See Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624, 639–40 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Wheeler v. Durham City Board of Education*, 585 F.2d 618, 623–24 (4th Cir. 1978). Here the district court, in the main body of

its opinion, refused to award reimbursement for only those expenses which it found "unreasonable."

The award of costs should be compensatory of *only* those expenses which are reasonable and *necessary* to the conduct of the trial; the threat of either unreasonable attorney's fees or unreasonable costs should not chill the good faith defense of a civil rights claim. Cf. *Planned Parenthood v. Citizens for Community Action*, 558 F.2d [861] at 871 [8th Cir. 1977]. Accordingly, the court will exercise vigilance in shearing exorbitant requests for costs. *Id.* [Emphasis in original.]

■ Regardless of whether such out-of-pocket expenses should be considered only under the "cost" statute, 28 U.S.C. § 1920 (1976 & Supp. II 1978),[4] or under section 1988, the district court applied a legal standard which would have correctly excluded unreasonable out-of-pocket expenses under both statutory provisions. We have reviewed the factual determinations of the district court concerning which expenses were unreasonable. We find that the district court's findings were not clearly erroneous. Accordingly, no abuse of discretion on the part of the trial court occurred.

Affirmed.

### ORDER

Ladies Center, Nebraska, Inc. moves, under 42 U.S.C. § 1988, for an award of attorney fees incurred on appeal of its award of attorney fees in the district court. In *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981), we affirmed the district court's award of attorney fees.

In *Hanrahan v. Hampton*, 446 U.S. 754, 756, 100 S.Ct. 1987, 1988, 64 L.Ed.2d 670

---

4. 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**649**

(1980), the Supreme Court stated that "the Court of Appeals was authorized to award to the respondents the attorney's fees attributable to their appeal only if, by reason of obtaining a partial reversal of the trial court's judgment, they 'prevailed' within the meaning of § 1988." In the present case, Ladies Center was unsuccessful in its appeal on the issue of attorney fees. Accordingly the motion is denied.

See also D.C., 483 F.Supp. 1022 and 8 Cir., 636 F.2d 206.