645 F.2d 649
 WOMENS SERVICES, P.C., a Nebraska professional corporation
and G. William Orr, M.D., Appellants,
v.
Charles THONE, Governor of the State of Nebraska; Paul L.
Douglas, Attorney General for the State of Nebraska; and
Donald L. Knowles, County Attorney for the County of
Douglas, State of Nebraska, Appellees.
WOMENS SERVICES, P.C., a Nebraska professional corporation
and G. William Orr, M.D., Appellants,
v.
Charles THONE, Governor of the State of Nebraska; Paul L.
Douglas, Attorney General for the State of Nebraska; and
Donald L. Knowles, County Attorney for the County of
Douglas, State of Nebraska; Marilyn A. Schneider, Appellees.
 No. 80-1885.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 9, 1981.
Decided April 9, 1981.
Order Filed May 14, 1981.
 
 Michael T. Levy, Omaha, Neb., for appellants.
 Paul L. Douglas, Atty. Gen., Jerold V. Fennell, Asst. Atty. Gen. (argued), Lincoln, Neb., for appellees.
 Lawrence I. Batt, Garber & Batt, Omaha, Neb., for plaintiffs-appellants.
 Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.
 PER CURIAM.
 
 
 1
 Womens Services, P.C. appeals the amount of attorney fees awarded by the district court[1] pursuant to 42 U.S.C. § 1988 (1976) in their successful challenge of the constitutionality of Nebraska's abortion regulation statute. See Womens Services, P.C. v. Thone, 483 F.Supp. 1022 (D.Neb.1979), aff'd, 636 F.2d 206 (8th Cir. 1980). We affirm the district court.
 
 
 2
 In Ladies Center, Nebraska, Inc. v. Thone, 645 F.2d 645 (8th Cir. 1981), filed this same day, we affirmed the district court's award of attorney fees to Ladies Center, also a plaintiff in the abortion regulation suit. The issues in that appeal and in the present one are similar.
 
 
 3
 On June 2, 1980, the district court awarded counsel for Womens Services a total of $31,965 for attorney fees and costs. The award included 77.5 hours of in-court attorney fees at a rate of $70 per hour and 500 hours of out-of-court fees at $55 per hour, both less ten percent for duplication with other counsel, plus 155.5 hours of law clerk time at $15 per hour. Womens Services then filed a motion to amend the June 2, 1980, order. On August 15, 1980, the district court amended its award of attorney fees and costs and increased the amount awarded to Womens Services by $4959.52. A total of $36,924.52 was thereby awarded Womens Services in connection with its challenge to the abortion regulation statute at the trial court level.
 
 
 4
 Womens Services challenges the district court's reduction by 408.8 hours of the fee requested by its principal attorney, Lawrence Batt, and its reduction by 161 hours of the amount requested for Batt's associates. In Ladies Center, Nebraska, Inc., supra, at 647, we reviewed the relevant criteria concerning an award of attorney fees under 42 U.S.C. § 1988. We concluded that
 
 
 5
 in determining attorney fees, the district court should ordinarily award the number of hours claimed, multiplied by the attorney's regular hourly rate. If, however, the district court finds that a lesser amount is appropriate, it may reduce the award, provided that the court states its reasons for so doing.
 
 
 6
 The district court in its order of June 2, 1980, made the following factual findings with regard to the reasonableness of Batt's request:
 
 
 7
 Mr. Batt by affidavit informs the court that he expended approximately 949 hours on the two cases dealing with the Nebraska abortion statutes, that attorneys associated with or retained by him expended 231 hours, and that his law clerks expended approximately 155 1/2 hours. While I do not quarrel with his sincerity in aggregating these estimates, I do not think they reflect an efficient use of time. I consider the figures separately.
 
 
 8
 Allowing for 77 1/2 hours in-court time for the trial and two hearings, Mr. Batt apparently seeks to recover for 871 1/2 out-of-court hours spent by him on the abortion controversy. This is excessive. On the basis I set out above, the figure tells me that Mr. Batt invested at least seven months of out-of-court time working solely on this case. Perhaps he worked inefficiently; perhaps he delegated too little to nonlawyer personnel. Given the scant showing of what Mr. Batt did with his time, I have relied upon my review of the court files and my own familiarity with the time demands, insofar as billable time is concerned, to determine the time these two largely concurrent cases should reasonably have required. Therefore, in addition to the 77 1/2 hours of in-court time to be awarded to Mr. Batt, I award 500 hours the equivalent of about four working months out-of-court time.
 
 
 9
 The district court in its amendment of the award of attorney fees and costs again reviewed Batt's request for additional fees. The court, after listing several questionable itemizations of billable hours, concluded: "I have reviewed Mr. Batt's itemization of his time, * * *. I stand by my earlier determination as to the reasonableness and amount of the total award of attorney's fees to Womens Services and Dr. Orr, except for the adjustment stated above."
 
 
 10
 The court also reviewed its previous decision not to award any hours for work claimed to be done by Batt's associates. The court found:
 
 
 11
 From a review of the showing now made by Mr. Batt, it appears to me that I underestimated the time reasonably required for representation in the matters before this court by seventy hours, including that work done by lawyers other than Mr. Batt. The total award will therefore be increased by $3,850.00 at the out-of-court rate of $55.00.
 
 
 12
 We cannot say that the district court abused its discretion in reducing the amount of attorney fees awarded Womens Services. As we stated in Ladies Center, Nebraska, Inc., supra, at 648:
 
 
 13
 Our familiarity with the issues involved in the Womens Services case leads us also to conclude that counsel should have been able to try the case with a considerably lower expenditure of attorney time than that claimed. No abuse of discretion on the part of the trial court has been shown.
 
 
 14
 Womens Services also contends that the district court abused its discretion in refusing to award them certain out-of-pocket expenses incurred in connection with the case. For the reasons stated in Ladies Center, Nebraska, Inc., supra, at 648, we find, applying the "clearly erroneous" standard, see United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948), there was no error in the district court's factual determinations concerning which expenses were reasonable.
 
 
 15
 Affirmed.
 
 ORDER
 
 16
 Womens Services, P.C. moves under 42 U.S.C. Sec. 1988 for an award of attorney fees incurred on appeal of its award of attorney fees in the district court. In Womens Services, P.C. v. Thone, 646 F.2d 646 (8th Cir. 1981), we affirmed the district court's award of attorney fees.
 
 
 17
 In Hanrahan v. Hampton, 446 U.S. 754, 756, 100 S.Ct. 1987, 1988, 64 L.Ed.2d 670 (1980), the Supreme Court stated that "the Court of Appeals was authorized to award to the respondents the attorney's fees attributable to their appeal only if, be reason of obtaining a partial reversal of the trial court's judgment, they 'prevailed' within the meaning of Sec. 1988." In the present case, Womens Services was unsuccessful in its appeal on the issue of attorney fees. In the affidavit presented to this court, Womens Services' counsel, Lawrence Batt, has included work done on both this appeal and on the appeal of the merits of Womens Services, P.C. v. Thone, 636 F.2d 206 (8th Cir. 1980). In this order, we deny only that portion attributable to the appeal on the issue of attorney fees.
 
 
 18
 Motion denied.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska