655 F.2d 887
 Callion ROBINSON
v.
Edward MORELAND, Supervisor, St. Louis County Jail, Capt.
Albert Wayne, Correctional Officer, St. Louis
County Jail, Appellee,
Correctional Officer, Roy Cochtrell, St. Louis County Jail;
Capt. Eldridge Jackson, Correctional Officer, St.
Louis County Jail; Capt. Joe Bollen,
Correctional Officer, St.
Louis County Jail.
Appeal of Fritz G. FAERBER, Appellant.
 Nos. 80-1991, 80-2013.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 19, 1981.
Decided July 31, 1981.
 
 Lucas & Murphy, P. C., Fritz G. Faerber (argued), Leo W. Nelsen, St. Louis, Mo., for plaintiffs-appellees-cross appellants.
 Eugene K. Buckley (argued), Robert D. Arb, Evans & Dixon, St. Louis, Mo., for defendant-appellant.
 Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Albert Wayne, Jr. appeals from a jury verdict rendered in this 42 U.S.C. § 1983 (1976) remedy action in the United States District Court for the Eastern District of Missouri. The jury found that Wayne, a correctional officer at the St. Louis (Missouri) County Jail, denied Robinson, a pretrial detainee, medical treatment in violation of the eighth amendment. The jury awarded Robinson actual damages of $1,000. On appeal, Wayne contends that the trial court erred in not granting his motion for a directed verdict based on the insufficiency of the evidence. Robinson cross-appeals the trial court's reduction in its award of attorney fees to him under 42 U.S.C. § 1988 (1976). With respect to the direct appeal, we affirm the trial court. With respect to the cross-appeal, we reverse.
 
 
 2
 On August 14, 1979, Robinson filed a section 1983 remedy action, pro se, in the district court, and demanded a jury trial. The district court then appointed Robinson an attorney. The parties, pursuant to 28 U.S.C.A. § 636(c) (1) (West Supp.1981) consented to a jury trial before Magistrate Noce. The parties also agreed that any appeal from the magistrate's final judgment would be made directly to this court. 28 U.S.C.A. § 636(c)(3) (West Supp. 1981).
 
 
 3
 On August 26, 1980, the jury returned a verdict in favor of Robinson against Edward Moreland, Director of Welfare and Corrections for St. Louis County, and Wayne, a shift supervisor at the jail. The jury awarded Robinson actual damages of $1,000. On September 18, 1980, Magistrate Noce, in a five-page memorandum decision, denied Wayne's motions for judgment notwithstanding the verdict, for a new trial, and for a reduction in damages. The trial court did grant Moreland's motion for judgment notwithstanding the verdict on the basis that supervisory status, by itself, is insufficient to support liability.[1] See Rizzo v. Goode, 423 U.S. 362, 376, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1976). The trial court then awarded Robinson attorney fees of $400 and expenses of $127.65.
 
 
 4
 On October 17, 1980, Robinson filed a notice of appeal from the attorney fee award. The notice was somewhat ambiguous about whether it was Robinson or his attorney who was appealing the award. The appeal was initially docketed under the attorney's name. On October 29, 1980, the clerk of this court sent the attorney a letter informing him of the mistake. On November 12, 1980, Wayne filed an out-of-time motion to dismiss Robinson's appeal on the basis that the attorney was not a party to the suit and could not file an appeal on the award of attorney fees. See 8th Cir.R. 9(b). On November 21, Robinson filed a motion in the district court to amend the previous notice of appeal to make it clear that he, and not his attorney, was the party to the appeal. On November 24, Magistrate Noce granted the motion. Finally, on December 19, 1980, this court allowed Wayne to file his untimely motion to dismiss and then denied the motion to dismiss.
 
 
 5
 Initially, Wayne reasserts the same jurisdictional arguments that he made before this court in his motion to dismiss Robinson's appeal. This court's order of December 19, 1980, rejected those arguments. The order denying the motion to dismiss was on the merits and therefore precludes this court from reconsidering the issue. We hold that unless the order denying dismissal under Eighth Circuit Rule 9(b) specifically states that the question is to be reserved or is to be without prejudice, the order forecloses consideration of the issue in the appeal on the merits of the case. We also note that Wayne was not prejudiced in any manner by the fact that the appeal was at first docketed inaccurately because Robinson's attorney attempted initially to take the appeal in his own name rather than the name of his client, the plaintiff.
 
 Sufficiency of the evidence
 
 6
 Wayne contends that the trial court erred in failing to grant his motion for a directed verdict at the close of all the evidence. See Fed.R.Civ.P. 50(a). Wayne argues that Robinson failed to show that Wayne violated Robinson's eighth amendment right to be free from cruel and unusual punishment. In Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), the Supreme Court held "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' * * * proscribed by the Eighth Amendment." See also Kelsey v. Ewing, 652 F.2d 4 at 6 (8th Cir. 1981). Wayne argues that the evidence did not show he was deliberately indifferent to the serious medical needs of Robinson. We think the evidence warranted submission of this issue to the jury.
 
 
 7
 This court is strictly limited in the scope of its review concerning a denial of Wayne's motion for a directed verdict. The late Chief Judge Gardner of the Eighth Circuit, in reviewing Judge Devitt's denial of a motion for a directed verdict, eloquently stated the standard for appellate review:
 
 
 8
 In considering this question we must view the evidence in a light most favorable to the prevailing party and we must assume that all conflicts in the evidence have been resolved by the jury in his favor and that the evidence proves all facts which it reasonably tends to prove. The prevailing party is also entitled to the benefit of all such favorable inferences as may reasonably be drawn from the evidence. If, when so considered, reasonable minds might reach different conclusions then the case presents issues of fact to be submitted to the jury and not issues of law to be determined by the court.
 
 
 9
 Chicago Great Western Railway Co. v. Scovel, 232 F.2d 952, 955 (8th Cir.), cert. denied, 352 U.S. 835, 77 S.Ct. 53, 1 L.Ed.2d 54 (1956).
 
 
 10
 The evidence produced at trial established that the jury could make the following factual findings.[2] Just before midnight on December 1, 1978, a Friday, Robinson injured his hand by slamming it against a table while playing cards or a board game. Robinson was being detained in the St. Louis County jail while awaiting trial for armed robbery. Shortly after midnight, Robinson complained about his injury to Roy Cochrell, a guard. Cochrell, after completing a count of the prisoners, reported the injury to Wayne, the shift supervisor. This occurred at approximately twenty minutes past midnight. Robinson testified that he believed his hand was broken and requested that he be sent to the hospital. Cochrell tetified that the hand looked swollen. Instead of sending Robinson to the hospital or requesting advice from a nurse on duty at the hospital, as required by jail regulations,[3] Wayne ordered that an ice pack be given to Robinson for the hand. At 8:00 a. m. the next day, Wayne advised the supervisor of the next shift about the injury. Thereafter, Wayne had no further involvement with Robinson.
 
 
 11
 Until Monday morning, Robinson received no medical attention for his hand other than the ice. Early Monday morning, the resident nurse at the jail examined Robinson's hand and referred him to the visiting physician, who was making his regular rounds at the jail. The physician examined the hand and tentatively concluded that it was only badly bruised. Nevertheless, he sent Robinson to the hospital for an X-ray. The X-ray revealed a fracture in the hand. Subsequently, surgery was required to repair the fracture.
 
 
 12
 In the magistrate's memorandum denying Wayne's post-trial motions, he concluded that no evidence was introduced that Robinson suffered permanent injury to his hand. In addition, he concluded that there was no evidence indicating that Robinson's prospects of recovery were worsened by the lack of medical attention prior to Monday morning, December 4, 1978.
 
 
 13
 Wayne argues that this evidence fails to establish that either "deliberate indifference" or "serious medical needs" existed. We disagree. A broken hand can be considered by the jury to be a serious injury. Second, Wayne's action or lack of action can be considered "deliberate indifference" if Wayne intentionally refused to provide or arrange for treatment.
 
 
 14
 We recognize that proof of mere negligence does not establish a constitutional violation. See Estelle v. Gamble, 429 U.S. at 105-06, 97 S.Ct. at 291-92. In addition, the Fourteenth Amendment is not " 'a font of tort law to be superimposed upon whatever systems may already be administered by the states.' Paul v. Davis, 424 U.S. 693, 701 (96 S.Ct. 1155, 1160, 47 L.Ed.2d 405)." Parratt v. Taylor, --- U.S. ----, ----, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981). See also id., --- U.S. at ---- n.3, 101 S.Ct. at 1919 n.3 (Powell, J., concurring in result) (Estelle v. Gamble "requires consideration not only of the effect of an injury or loss on a citizen but also of the intent of the state official whose actions caused the injury or loss." (Emphasis in the original.) This case was tried to a jury which was presumably instructed correctly on the governing legal principles for an Eighth Amendment violation under Estelle v. Gamble.[4] We cannot say that a jury could not have reasonably come to a conclusion that such a violation occurred in this case.
 
 
 15
 Wayne also argues, in the alternative, that Robinson was entitled to only nominal damages since the evidence failed to show that the two-day delay in receiving treatment resulted in any greater pain or disablement than if earlier treatment had been obtained. Magistrate Noce, in ruling on Wayne's post-trial motion on the same issue, concluded that "the jury could infer that plaintiff suffered pain from December 2 to 4 and it was warranted in returning a verdict of $1,000.00 actual damages." We agree. See Taken Alive v. Litzau, 551 F.2d 196, 198 (8th Cir. 1977).Attorney fees
 
 
 16
 Robinson cross-appeals the trial court's reduction of its award of attorney fees to him under 42 U.S.C. § 1988 (1976). On September 3, 1980, Robinson filed a bill of costs, requesting $7,612.50 for attorney fees and $127.65 for expenses. Wayne contested the reasonableness of the fee request in a supplemental brief objecting to the bill of costs. Magistrate Noce, in his memorandum ruling on post-trial motions, reduced the award of attorney fees to $400. Robinson contends that the trial court abused its discretion in reducing the award. We agree.
 
 
 17
 Robinson submitted a fee bill, apparently without time slips, in the amount of $7,612.50 for 101.05 hours of work at $75 per hour. The trial court correctly stated the governing legal principle: that the court should ordinarily award the number of hours claimed, multiplied by the attorney's regular hourly rate. The trial court, however, may award a lesser amount if it finds a lesser award appropriate under the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), provided the court states its reasons for so doing. See Ladies Center, Nebraska, Inc. v. Thone, 645 F.2d 645 at 647 (8th Cir. 1981).
 
 
 18
 The trial court gave the following reasons for its reduction in the award of attorney fees:
 
 
 19
 Upon review of the memorandum supplied in support of the bill of costs, the Court believes that a reasonable attorney's fee in this case would, without the special circumstances described below, comprise fifty hours at $60.00 per hour, for a total of $3,000.00, plus the $127.65 in expenses. However, under the circumstances of this case, which include the closeness of the sufficiency of the evidence to support the verdict and the fact that all defendants but one, a jail employee, have been dismissed from the case, the Court believes that plaintiff should recover as a reasonable attorney's fee the amount of $400.00, plus the $127.65 in expenses.
 
 
 20
 Robinson apparently does not vigorously contest, although he does not concede, the trial court's determination that a reasonable attorney fee in this case would ordinarily be $3,000. Cross-appellant's brief at 30; cross-appellant's reply brief at 13. See generally Gagne v. Maher, 594 F.2d 336, 345 (2d Cir. 1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).
 
 
 21
 Robinson does contend that the closeness of the evidence and the fact that all but one of the original defendants were dismissed were not proper considerations for a reduction. We agree with Robinson concerning the former factor, but disagree with him regarding the latter.
 
 
 22
 The factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717-19, which have been adopted by this court, do not include "closeness of the evidence" in deciding what is a proper award of fees. Usually, cases that go to trial do involve close questions of fact or law; otherwise they would be settled out of court. The trial court improperly considered this factor in reducing Robinson's award of attorney fees.
 
 
 23
 The trial court, however, did properly consider the fact that Robinson prevailed over only one of the original defendants. We also note that Robinson received an award of damages of only $1,000. Both of these factors may be properly considered by the trial court under the Johnson standards. The eighth factor in Johnson is "the amount involved and the results obtained." The damages to Robinson that were in question in his section 1983 remedy action were the pain and suffering he underwent for two days when he was denied medical treatment for a broken hand. The court found only one defendant liable, and the jury assessed damages at only $1,000. The trial court could therefore reduce the $3,000 reasonable fee award on this basis, recalling to mind the admonition expressed by the Johnson court, id. at 719-20, on the posited guidelines:
 
 
 24
 To put these guidelines into perspective and as a caveat to their application, courts must remember that they do not have a mandate under Section 706(k) (42 U.S.C. § 2000e-5(k) (1976)) to make the prevailing counsel rich. Concomitantly, the Section should not be implemented in a manner to make the private attorney general's position so lucrative as to ridicule the public attorney general. The statute was not passed for the benefit of attorneys but to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition and to fairly place the economical burden of Title VII litigation. Adequate compensation is necessary, however, to enable an attorney to serve his client effectively and to preserve the integrity and independence of the profession. The guidelines contained herein are merely an attempt to assist in this balancing process.
 
 
 25
 Ordinarily this court would remand the case to the trial court for a redetermination of the proper amount of attorney fees. See Zoll v. Eastern Allamakee Community School District, 588 F.2d 246, 252 (8th Cir. 1978). In this case, however, remand would be extremely costly in the amount of attorney time expended relative to the small amount of attorney fees in issue. Solely in the interests of judicial economy and holding down litigation costs, this court believes it is in the best interests of the parties for us to determine the amount of fees for time expended in the trial court.
 
 
 26
 Magistrate Noce found that a reasonable amount of time spent on this case was fifty hours. We agree. He also found that $60 per hour would ordinarily be a reasonable rate, but then he reduced the fee to $400. As stated above, however, the trial court erred by considering an improper factor in its reduction of the award. We believe that a rate of $40 per hour for 40 hours of out-of-court fees and $60 per hour for ten in-court hours, for a total of $2,200 in attorney fees, is the proper fee award in this case.
 
 
 27
 Finally, we direct Robinson's counsel to file an affidavit in this court in order that an allowance of reasonable attorney fees and expenses can be made for this appeal, at the above hourly rates. See id. This court, rather than the trial court, is the proper forum for determining an award of attorney fees for services provided on appeal. See Ladies Center, Nebraska, Inc. v. Thone, 645 F.2d 645 (8th Cir. 1981) (order denying attorney fees on appeal); cf. Davis v. Reagen, No. 80-1246, --- F.2d ---- (8th Cir. June 22, 1981) (order referring application for attorney fees on appeal to district court because the appeal had already been terminated).
 
 
 28
 Affirmed in part; reversed in part. Judgment modified to provide attorney fees of $2,200 for legal services rendered in preparing and prosecuting this cause in the district court.
 
 
 
 [1]
 Robinson does not appeal this aspect of the magistrate's decision
 
 
 [2]
 This factual summary is based upon our review of the record. It is also in accordance with Magistrate Noce's summary, found in his denial of Wayne's post-trial motions under Federal Rule of Civil Procedure 50(b)
 
 
 [3]
 The regulations provide:
 
 
 [6]
 All medical emergencies or injuries sustained at the County Jail will be taken to the County Hospital. Call County Ambulance at 727-5505 for transportation to the County Hospital Emergency Room
 All inmates taken to County Hospital will be accompanied by an armed correctional officer who will remain with inmate until he or she is returned to County Jail or admitted to the Hospital.
 
 
 [10]
 In the event an inmate complains that medical treatment is needed, the following procedure will be taken:
 a. Call the duty nurse at the St. Louis County Hospital, Emergency Room, informing the nurse of the problem or complaint.
 b. Take whatever action needed per the instructions of the duty nurse, noting the nurse's name.
 Applicability : The directives contained herein are applicable to all employees.
 
 
 [4]
 We note that Wayne does not appeal the jury instructions. We also note, however, that the instructions were not included in the designated record, nor were they transcribed by the court reporter in the trial transcript. We therefore have had no opportunity to review the instructions