779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL RAY FRIEND, Plaintiff-Appellant,
v.
JOHN D. REES, ET AL., Defendants-Appellees.
 84-5381
 United States Court of Appeals, Sixth Circuit.
 10/1/85
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Ray Friend, a diabetic, was sentenced to the Kentucky State Reformatory apparently for the murder of his wife. He has attained a Bachelor's Degree in English Literature from Columbia University, a Master's Degree in Speech and Art from the University of Louisville, and equivalent of a Doctor of English Literature from Sweden. He has neither any medical or legal training, but instituted an action pro se against the prison doctor (Houchin), the dietician (Priestap), the nutritionist (Bickett), the warden (Rees), as well as the Kentucky Secretary of Corrections (Wilson), and the Kentucky prison hospital administrator (Simpson) under 42 U.S.C. Sec. 1983, based upon alleged deliberate indifference by the above defendants to his diabetic condition over a period of time since he has been incarcerated at the State Reformatory. After a jury trial, verdicts were rendered for all defendants save Dr. Houchin, against whom Friend was awarded $1,000.00. He now appeals from the outcome contending that the award against Dr. Houchin was inadequate,[1] and that he should have a new trial as to all defendants.
 
 
 2
 While court appointed counsel has represented plaintiff-appellant on this appeal, he has filed on his own behalf a forty page brief with an attached appendix, including affidavits, of an equivalent size. In addition, he filed a lengthy 'abstract of the testimony' (objected to by counsel for appellees) and supplemental authorities. We have not taken into account for purposes of this decision the 'abstract of the testimony' since there has been filed in connection with this appeal a joint appendix in this cause exceeding 200 pages, which we have carefully considered.
 
 
 3
 The issues raised in this appeal include the refusal of the trial court to appoint counsel for the plaintiff, and the overruling of plaintiff's motion for physical examination and for appointment of a medical expert. We reserve our discussion concerning the principal issue as to these related actions by the trial judge and first address the other issues presented by brief and at oral argument.
 
 
 4
 First, was the award of $1,000, unappealed by defendant Houchin, so grossly inadequate that we should set it aside and grant Friend a new trial as to Houchin? Plaintiff asserts that this compensatory award, and the failure to give exemplary damages for 'approximately ?? of nervousness, hypertension, confusion, drowsiness, ?? dry mouth, frequent urination, dizziness, irritability, ?? shakiness, hot sweats, blurred vision, persistent ?? loss of teeth, and almost daily insulin reactions ?? as well as out-of-pocket expenses,'[2] supported by ?? of a medical doctor's deliberate indifference to these ?? of diabetes, indicate that we should respond in the affirmative because the award is patently and woefully inadequate and unreasonable. While Friend's brief challenges the trial court's instructions dealing with damages, we find no error demonstrated in judge Johnstone's jury instructions on either compensatory or punitive damages standards. Despite plaintiff's contentions, the instructions reasonable conformed to settled law,[3] including Smith v. Wade, 466 U.S. 30 (1983), and Grimm v. Leinart, 705 F.2d 179, 182 (6th Cir. 1983) ('Wade requires a reckless or callous disregard of the plaintiff's rights'. Emphasis in original).
 
 
 5
 The record demonstrates that Friend had access to prison nurses on a daily basis, had insulin furnished to him regularly, and that he complained little about what he now asserts were serious medical problems associated with his diabetic condition. He did not request opportunities to consult with Dr. Houchin or other prison medical personnel. Most, if not all, of the complaints asserted are shown to be classic consequences of his medical condition, which may or may not be alleviated by the normal treatment at least attempted to be provided him by the Kentucky State Reformatory defendants, including diet control and administration of insulin on a daily basis.
 
 
 6
 The cases cited on behalf of Friend that the damages in this case are entirely inadequate do not support his contention. Only Robinson v. Moreland, 655 F.2d 887 (8th Cir. 1981), involves a claim of deliberate indifference to medical needs. A prisoner there contended that a correction officer had altogether failed to obtain any medical assistance for his injuries. He was awarded $1,000 damages for what the jury found was a constitutional denial and this was affirmed on appeal. Other cases cited by Friend are inapposite. They involve constitutional claims of denial of constitutional rights under Sec. 1983 but they do not involve deliberate indifference to medical needs.[4] Under all the circumstances, particularly plaintiff's persistent failure to complaint about his condition and lack of treatment, this court is not persuaded that the extraordinary relief requested of setting aside a jury award for inadequacy is warranted. It appears that the jury may reasonably have determined actual expenses of plaintiff to have been less than $200.00. Among ?? objections made by Friend in his appellate brief was that ?? the court in its instructions on damages nor the jury by its ?? took into account 'inconvenience,' and the 'enormous labor' imposed upon plaintiff in having to present his case without legal ?? medical assistance. These elements, of course, are not properly those for which plaintiff may seek compensatory damages for deliberate indifference to his medical needs. In short, we find no demonstrable error mandating a new trial based on instructions concerning damages nor alleged inadequacy of the award against Dr. Houchin.
 
 
 7
 Plaintiff asserts as error the trial court's ruling excluding a report of a Dr. Ham,[5] a gerontolgist employed by the same trial judge in another proceeding involving the Geriatrics Unit at the State Reformatory. (See Kendrick v. Bland, 541 F. Supp. 21 (W.D. Ky. 1981)). The report was apparently critical of Dr. Houchin's care and treatment of inmates in that separate unit. It would appear that plaintiff, in any event, was not substantially prejudiced by this action because he obtained a judgment against that defendant. Furthermore, we find no abuse of discretion by the trial judge in his dealing with this issue, particularly since he was familiar with the author thereof, his qualifications, if any, pertaining to treatment of diabetics, and the circumstances pertinent to its applicability to this case.
 
 
 8
 We also find no error in the refusal of the trial court specifically to instruct the jury that defendants Wilson, Houchin, Bickett and Simpson were not entitled to claim a good faith defense ?? they had not affirmatively pleaded this in response to plaintiff's amended complaint, or because it was unwarranted. All ?? had pleaded as Defense II to the original complaint that they had 'performed their duties in good faith and within the scope of their official duties.' We find no merit in this contention of plaintiff in view of the circumstances of the record. Furthermore, the claim that the trial court should have permitted a less than unanimous jury verdict, as sought by plaintiff, is frivolous.
 
 
 9
 We find also, despite plaintiff's contentions, that the trial court's instructions on plaintiff's theory of liability, taken as a whole, are not so deficient as to require a new trial. The court instructed the jury succinctly and adequately, in part:
 
 
 10
 The plaintiff's claim is that he was subjected to cruel and unusual punishment and a denial of due process because he was denied adequate medical care and treatment. The law recognizes that prison administrators have an obligation to afford medical care to those incarcerated in their custody, that inadequate medical care causes pain and suffering inconsistent with contemporary standards of decency and deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment. This is true whether the indifference is manifested by prison doctors in their response or lack of response to the prisoner's need or by prison personnel in intentionally interfering with the treatment once prescribed. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for doctor's attention. Further, due process protects the individual against arbitrary treatment or omissions from treatment that causes pain and suffering from serious medical needs.
 
 
 11
 We overrule this assignment of error on jury instructions accordingly. We also note that there is no justifiable basis for the contention that the trial court committed reversible error in declining to take judicial notice of certain proffered medical standards as being the appropriate standards for the treatment of diabetes. Plaintiff succeeded in bringing to the attention of the jury those standards which he claimed were a proper measure of reasonable and adequate care for this medical condition.
 
 
 12
 Plaintiff moved for appointment of an independent medical expert under F.R.E. 706 concerning the adequacy of the diet afforded him under the circumstances and the general treatment afforded him at the Reformatory. He urged that this was necessary 'to determine the extent of recoverable damages as well as the extent of the medical indifference . . ..' Friend suggested several physicians, endocrinologists, to be appointed, which he described as 'noted in their field throughout the community.' The district court denied this motion without giving a reason or explanation. Friend conceded in his unsuccessful request for a medical expert that 'it is rare for a District Court to appoint an expert or experts at government expense in a civil action.'
 
 
 13
 An earlier case brought by a prisoner seeking relief in a civil rights action involved a request related to the one at issue here, that the court provide witness fees for him 'to ensure that he can present his case completely to the court.' Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983). We affirmed the denial of the pro se, informa pauperis prisoner's request, holding that 'the right of access [to the courts] does not extend that far'--to provide him witness fees for a witness he claimed to be essential to his case. Although in that case Johnson felt he could not proceed in the absence ?? in question and thus suffered dismissal of his claim, ?? this action was held not to be an abuse of discretion. As pointed out by the government, the issue in this case was whether or not there was deliberate indifference to plaintiff's condition, not whether defendants were guilty of medical malpractice. The issue of calculatedly ignoring the medical needs of a prisoner are not so complicated and difficult that an expert is required to present or prove the case. Friend himself has demonstrated this by obtaining a judgment, again not for medical malpractice, but for failure of Dr. Houchin to give sufficient attention to plaintiff's frequent changes of blood sugar count and his need personally to be checked from time to time by the doctor for adequate control of his diabetic condition. The record reflects that plaintiff's weight remained fairly constant and that 'he normally eats his special diet according to Food Service.' The issue was not, as contended by plaintiff, what kind of medical treatment he should receive, but rather whether defendants, particularly the medical doctor, were deliberately or entirely indifferent to his needs and his medical symptoms in light of frequent fluctuations in his blood sugar count. The jurors here were capable of reaching a fair judgment without the need to hear from a medical expert.
 
 
 14
 Federal Rule of Evidence 706 speaks in terms of discretion:
 
 
 15
 ?? may on its on motion or on the motion ?? enter an order to show cause why ?? witnesses should not be appointed. ?? added).
 
 
 16
 In light of Johnson v. Hubbard, supra, and the discretionary authority vested in the court under the above rule of evidence and Fed. R. Civ. P. 35,[6] we decline to find an abuse of discretion in the court's decision not to appoint an expert to assist the plaintiff. It would, of course, be preferable for the court to set out its reasons for declining to appoint a medical (or other) expert when specially requested by a party to do so.
 
 
 17
 Finally, plaintiff asserts as a basis for a new trial the court's refusal to appoint counsel for him after he had demonstrated sufficient merit to overcome several motions by defendants to dismiss his claim. He cites in support of his contention Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). The first sentence in Cole sets out its precise holding:
 
 
 18
 A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. Sec. 1983 unless the case presents exceptional circumstances.
 
 
 19
 686 F.2d at 265. See also Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980), to this same effect (also cited by plaintiff). Aldabe limited discretionary appointment of counsel in such a case only to 'exceptional circumstances,' recognizing no constitutional right to counsel in such a situation. Whisenant v. Yuam, 739 F.2d ?? Cole, also found that appointment ?? indigent plaintiff under 28 U.S.C. Sec. 1915(d)[7] to ?? to cases where 'plaintiff presents exceptional circumstances,' and further observed:
 
 
 20
 The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant.
 
 
 21
 739 F.2d at 163.
 
 
 22
 The unusual educational advantages of plaintiff, Friend, and his experience as a prison 'lawyer' evidenced in what he presented to the trial court by pleadings, brief, and ability to express himself, especially with regard to his diabetic condition, about which he had obviously studied and obtained considerable knowledge, in our view was a sufficient basis for the court's decision and its exercise of discretion, not to appoint counsel. We have already alluded to Friend's submission of voluminous materials to this court despite our appointment of counsel to prosecute his appeal. We find no exceptional circumstances here requiring the appointment of counsel for plaintiff at trial, whether or not he had indicated a 'colorable' claim.
 
 
 23
 As an inmate of KSR plaintiff is a member of the class which sought relief from a multitude of conditions at the reformatory in Thompson v. Bland. A consent decree was approved by the district court and entered as an order in Thompson and the related case of Kendrick v. Bland which dealt with conditions at the Kentucky State Penitentiary at Eddyville. The consent decree is included as Appendix I to the district court's opinion in Kendrick v. Bland, 541 F. Supp. 21, 27-45 (W.D. Ky. 1981).
 
 
 24
 The broad range of conditions dealt with in the consent decree included medical services at KSR and the penitentiary. The KSR plaintiffs were represented by four attorneys and the court retained jurisdiction to consider motions for supplemental relief partaining to the consent decree. We conclude that the plaintiff Rees had access to counsel. If he felt his medical treatment fell below the constitutional standard mandated by the consent decree, he could have brought his individual claim to the attention of one or more of the attorneys who represented the class of which he was a member.
 
 
 25
 Accordingly we conclude that there was no abuse of discretion in the challenged decisions not to appoint a special expert nor an attorney to assist plaintiff under the circumstances of this record.
 
 
 26
 We therefore AFFIRM the judgment of the district court.
 
 WELLFORD, Circuit Judge, concurring:
 
 27
 I write separately only to express my own reservations about the exercise of discretion on the part of the trial judge in declining to appoint a medical expert or an attorney to assist Friend in prosecuting his case in court. Plaintiff here was presenting a claim involving his charges of deliberate indifference to, or serious mistreatment of, his medical condition by medical and administrative personnel at the state prison. In deciding not to appoint an independent medical expert to assist the court and jury, the court should have set out its reasons fully for benefit of an adequate review and because there are others in plaintiff's discrete class who may well have similar complaints (especially in light of the verdict rendered against the doctor). An independent medical examination of plaintiff and expressions of medical opinion about his condition of health could well have assisted the triers of fact about the extent of plaintiff's claim of damages if he proved successful in establishing liability.
 
 
 28
 While plaintiff certainly had no legal right to appointment of a medical expert nor to have a lawyer appointed for him, as to the latter decision it is desirable for the district court to set out, after a colorable claim has been indicated, the reasons for declining to appoint a lawyer for him.
 
 
 
 [1]
 Dr. Houchin did not appeal from the adverse jury verdict
 
 
 [2]
 See appellant's brief (by counsel Korfhagen) 'Table of Contents' (first page)--'issue one.' He claimed $700 out-of-pocket expenses but appellees asset that only approximately $150 in out-of-pocket expenses was demonstrated in the record
 
 
 [3]
 '[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.' Estelle v. Gamble, 429 U.S. 97, 106 (1976), as cited in Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir. 1983)
 
 
 [4]
 Krueger v. Miller, 489 F. Supp. 321 (E.D. Tenn.), aff'd, 617 F.2d 603 (6th Cir. 1977), involved false imprisonment--there was an award of $1,250; Tatum v. Morton, 562 F.2d 1279 (D.C. Cir. 1979), involved $100 awards for arrest and jailing without probable cause set aside for further consideration. Other cases cited, such as Rogers v. Okin, 478 F. Supp. 1342 (D. Mass. 1979), had no discussion of damage awards in a situation of deliberate indifference to needs of prisoners but rather involved forced medication upon mentally ill hospital patients. Others were equally inapplicable
 
 
 [5]
 Dr. Ham's name is spelled 'Hamm' by appellant counsel
 
 
 [6]
 This Rule of Procedure also sets out that a district court 'may require submission of a plaintiff to an examination when his physical condition is at issue;' it does not require the court to do this even on motion made unless there is 'good cause shown.'
 
 
 [7]
 28 U.S.C. Sec. 1915(d) states:
 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.