United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1475WM

_____

Mary Darlene Shrader,      *

     *

        Appellee,      *

     *    On Appeal from the United

     v.      *    States District Court

     *    for the Western District

     *    of Missouri.

OMC Aluminum Boat Group, Inc.,      *

     *

        Appellant.      *

_____

Submitted: September 9, 1997

Filed: October 31, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and HEANEY,
Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

OMC Aluminum Boat Group, Inc. appeals from the District Court's[1] award of
$44,137.50 in attorneys' fees to Mary Darlene Shrader, the plaintiff in a discrimination
suit brought under the Americans with Disabilities Act of 1990 (ADA) and the

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western
District of Missouri.

Missouri Human Rights Act (MHRA).  A review of the record persuades us that the District Court did not abuse its discretion.  We therefore affirm.

I.

Mary Darlene Shrader worked for OMC Aluminum Boat Group, Inc., as a "lineman" until February 24, 1993, when she began experiencing pain in her wrists. Shrader spoke with her immediate supervisor, Jim Evans, about her condition.  On the same day, Evans held a meeting with Shrader and OMC's manufacturing manager, Jim Buttrey, to discuss Shrader's problem.  In the meeting, Shrader informed the two that she had developed carpal tunnel syndrome while in her former job and had been diagnosed with a 5% permanent partial disability in each wrist.  At the conclusion of the meeting, Buttrey expressed concern about Shrader's condition and the risk of further injury.  He then told Shrader she could not continue to work at OMC.

After her initial attempts to be reinstated to OMC in another position on the "line" failed, Shrader sought the assistance of an attorney. Through her attorney, Shrader filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights as well as a worker's compensation claim.  Although OMC acknowledged that Shrader was eligible for rehire, the company took no action until Shrader's lawyer and the EEOC pressed the issue.  Shrader was reinstated as a lineman at OMC in June of 1994.  One hundred and fourteen individuals were hired to line positions during the 15-month period before Shrader was rehired.

Based on her belief that OMC had discriminated against her by terminating her, Shrader filed suit under the ADA, 42 U.S.C. §§ 12101-12213 (1994), and the MHRA, Mo. Rev. Stat. Ch. 213 (1994).  Shrader claimed that she was qualified to perform almost all of the lineman jobs at OMC, and that by terminating her OMC failed to reasonably accommodate her based on its perception of her as disabled.  The ADA

claim was tried to a jury, and the MHRA claim was tried to the district judge.  At trial, there was conflicting testimony about whether Shrader actually had a disability and whether she was entitled to a reasonable accommodation.  The judge issued "withdrawal" instructions[2] to the jury regarding both of those claims.  The jury returned a verdict in favor of Shrader on the perceived-disability claim and awarded her $3,000.

Both parties moved for attorneys' fees.  Subsequently, the District Court found that OMC had violated Shrader's rights under the MHRA.  The Court also denied OMC's motion for a directed verdict or, in the alternative, for a new trial.  The District Court denied OMC's motion for attorneys' fees.  It denied in part and granted in part Shrader's fee motion, awarding her $44,137.50.  The award was approximately 35% less than the amount her counsel had requested.  OMC appeals from only the order awarding Shrader attorneys' fees and denying its own motion for fees.

## II.

The ADA gives a court discretionary authority to grant the prevailing party attorneys' fees.  42 U.S.C. § 12205 (1994).  A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar

---

[2]The Missouri Approved Jury Instructions provide the following explanation of when withdrawal instructions may be given (in pertinent part):

> "The court may properly give a withdrawal instruction when it has received evidence upon an issue which is later abandoned either by choice or by reason of inadequate proof for final submission to the jury.  The instruction to be given is that the issue is no longer open for the jury's consideration."  MAI 34.01 (1996).

v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 573, 121 L.Ed.2d 494 (1992). The District Court has discretion in determining the amount of the award because it has the greatest exposure to, and therefore understanding of, the proceedings before it. The District Court must determine whether the requested fee amount is reasonable in light of the level of the success achieved. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983). When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the award is not reduced because plaintiff did not prevail on every argument asserted. Id. at 435, 103 S. Ct. at 1941. Where a plaintiff obtains partial or limited success, he District Court tailors the fee to reflect a relationship to the results obtained. Id. at 435-36, 103 S. Ct. at 1940.

OMC contends that the District Court abused its discretion by granting an unreasonable and excessive attorney-fee award to Shrader. OMC also argues that it, not Shrader, obtained prevailing-party status for purposes of determining attorneys' fees. OMC relies primarily on the withdrawal instructions issued by the District Court to the jury on Shrader's actual-disability and reasonable-accommodation claims in support of its contention that it obtained prevailing-party status. OMC asserts that Shrader's withdrawn claims were "frivolous," "unreasonable," and "unsupported by any evidence." Appellant's Br. 14-15. OMC also claims prevailing-party status on the basis that the jury awarded Shrader "minimal relief on only one claim," and that the award represents an "obvious compromise" reflecting that the "members of the jury obviously believed that plaintiff's single submitted claim had limited merit." Appellant's Br. iv, 26.

The District Court was correct in designating Shrader as the prevailing party. A jury determined that OMC violated Shrader's rights under the ADA and awarded her $3,000. The jury's decision constitutes "actual relief on the merits" of the claim and modifies OMC's behavior to Shrader's direct benefit. The withdrawal instructions were for claims closely related to the one on which Shrader ultimately prevailed, and therefore do not create prevailing-party status for OMC. The District Court, in its order

on the motions for attorneys' fees, stated that it "removed the issues of actual disability and reasonable accommodation at defendant's request because plaintiff's counsel offered no objection. This does not rise to the level of a 'judicial declaration.' " District Court Order, Jan. 7, 1997, at 5-6. The District Court's denial of OMC's motion for attorneys' fees is affirmed.

The District Court was also correct in deciding that Shrader's actual-disability, reasonable-accommodation, and perceived-disability claims were interrelated. We disagree with OMC's interpretation of Shrader's testimony. Shrader's action centered on the question of whether OMC terminated her employment because she complained of wrist pain and subsequently disclosed a previous diagnosis of carpal tunnel syndrome. Shrader's carpal tunnel syndrome, while apparently not severe, nevertheless existed, and she expressed fear that it would become severe. OMC was concerned about liability for future injury and discharged her. Throughout litigation, when OMC asked Shrader about her disability, she denied that it adversely affected her ability to perform work at OMC. Shrader wanted her job back and her responses were forthrightly geared toward getting it. Because of such responses, OMC maintains that Shrader's claims of actual disability and failure to reasonably accommodate contradicted her testimony and thereby were, among other things, groundless and frivolous.

It is undisputed that Shrader had been diagnosed with a 5% permanent partial disability in each wrist, and that she was discharged immediately after divulging that fact. Thus, Shrader's actual-disability, reasonable-accommodation, and perceived-disability claims were not only plausible, but raised closely related issues of fact. While Shrader did not ultimately prevail on each of her contentions, the strategy of arguing each claim was reasonable in light of the evidence and in the context of developing a disability discrimination case. A jury did ultimately determine that OMC violated the ADA by terminating Shrader based on its perception of her as disabled. The District Court correctly concluded that Shrader's claims were closely related and

that they are compensable under <u>Hensley</u>.  The remaining question is whether the fee award was reasonable in light of the success obtained.

## III.

The District Court fee award was reasonable.  The judge correctly examined the reasonableness of the number of hours expended and the hourly rate charged.  Plaintiff requested $69,522.50 in fees.  Because it determined that the hourly fee for the lawyers was excessive considering the prevailing market rate in Springfield, the District Court awarded only 65% of the  requested amount.  The Court also appropriately excluded the hours claimed for one of the attorneys whose presence at the trial was deemed unnecessary.  Secretarial services were excluded from the award as well.  Because Shrader's claims were closely related, the District Court was correct that the hours for each claim should not be separated, since the time would have been spent anyway in the context of the claim that succeeded.

Nor did the Court abuse its discretion in determining that Darlene Shrader obtained a level of success warranting this award of attorney's fees.  We agree with the District Court that the significance of Shrader's rehiring should not be downplayed. In the context of an employment discrimination suit under the ADA, rehiring constitutes a great success.  The record below supports the conclusion that the time spent by Shrader's lawyers pursuing the EEOC claim was instrumental in her rehiring. Moreover, Shrader obtained a verdict and $3,000 judgment against OMC.  The District Court also concluded that OMC had improperly discharged Shrader under the MHRA. The jury's verdict and the District Court ruling not only serve to vindicate important personal rights as envisioned by the statute, but also further the public's interest in providing a fair playing field in the work world.

Affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.