# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2517

_____

Wal-Mart Stores, Inc.,
d/b/a Sam's Wholesale Club,

        Appellant,

    v.

Thelma Barton,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas
\*
\*
\*

_____

Submitted:  March 13, 2000

Filed:  August 15, 2000

_____

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Wal-Mart Stores, Inc., d/b/a Sam's Wholesale Club ("Wal-Mart"), appeals from a final order entered in the United States District Court[2] for the Eastern District of

---

[1] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2] The Honorable John F. Forster, United States Magistrate Judge for the Eastern District of Arkansas.

Arkansas awarding attorney's fees and costs of $116,217.82, plus interest, in favor of Thelma Barton, after a jury trial in which Barton was awarded $25,000 on a sexual harassment claim against Wal-Mart and was unsuccessful on several other claims. See Barton v. Wal-Mart Stores, Inc., No. LR-C-97-113 (E.D. Ark. Apr. 30, 1999) (hereinafter "slip op."). For reversal, Wal-Mart argues that the district court abused its discretion in (1) making an inadequate reduction in attorney's fees given Barton's limited degree of success at trial; (2) awarding attorney's fees for time related to state law claims; (3) failing to reduce otherwise unreasonable fees; and (4) awarding Barton certain miscellaneous costs. For the reasons discussed below, we affirm the order of the district court.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. § 1331. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4 (a).

## Background

The following statement of facts and procedural history is drawn from the district court order. See slip op. at 1-5. On February 10, 1997, Barton filed a complaint in federal district court against Wal-Mart and John Ware, a Wal-Mart supervisor. With respect to Wal-Mart, Barton asserted claims of sexual harassment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17, as well as pendent state claims of assault and battery, outrage, and negligent retention. With respect to Ware, Barton asserted claims of assault and battery and outrage.

On May 6, 1998, the district court granted summary judgment in favor of Wal-Mart and Ware on Barton's assault and battery claim. On January 20, 1999, the

2

district court granted summary judgment in favor of Wal-Mart and Ware on Barton's outrage claim.

Beginning January 20, 1999, the case was tried to a jury. At the close of Barton's case, the district court granted judgment as a matter of law in favor of Wal-Mart on Barton's negligent retention and constructive discharge claims. On January 26, 1999, the jury found in favor of Wal-Mart on Barton's retaliation claim, found in favor of Barton on her sexual harassment claim against Wal-Mart, and awarded her $25,000. On January 27, 1999, the district court entered a judgment on the verdict. The district court subsequently denied Wal-Mart's motions for judgment as a matter of law, for a new trial, and for remittitur.

On March 12, 1999, Barton requested an award of $137,098.81 in attorney's fees and $12,466.53 in costs. According to Barton, the request included a reduction in actual time based on lack of success on her other claims.[3] On April 30, 1999, the district court awarded Barton $106,832.60 in attorney's fees and $9,385.22 in costs, for a total of $116,217.82, plus interest. In making its award, the district court reduced hourly rates for paralegals and law clerks, subtracted hours spent in duplicative work, eliminated certain costs, and reduced the total fee award by twenty percent for lack of success. See slip op. at 3-5. This appeal followed.

## Discussion

We review a district court's award of attorney's fees and costs under Title VII for abuse of discretion. See 42 U.S.C. § 2000e-5(k) (a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs"); Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d

---

[3] According to documentation submitted by Barton, total attorney's fees amounted to $147,853.25. See slip op. at 4.

349, 358 (8th Cir. 1997) ("We will tamper with a district court's award of attorney fees only if there has been an abuse of discretion."). Where a plaintiff has achieved only limited or partial success, the court must consider in its award "whether the expenditure of counsel's time was reasonable in relation to the success achieved." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) (Hensley).

Wal-Mart initially argues that the district court's award of attorney's fees should be substantially reduced based on Barton's limited degree of success. Wal-Mart notes that assessment of a fee's reasonableness includes consideration of "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." Jenkins by Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997) (Jenkins). Wal-Mart contends that the degree of success is the "most crucial factor" in ascertaining the propriety of the fee award, Brief for Appellant at 1-2 (citing Farrar v. Hobby, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.")), and that partial success may justify only a partial fee award. See id. at 2-3 (citing Association for Retarded Citizens v. Schafer, 83 F.3d 1008, 1012 (8th Cir. 1996), and Gumbhir v. Curators of University of Missouri, 157 F.3d 1141, 1146 (8th Cir. 1998) (noting that attorneys "should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits that may be reasonably attainable.")). Wal-Mart argues that, because Barton only prevailed on one of her six original claims and was awarded just $25,000 in actual damages, the district court abused its discretion by not reducing the fee award further. See id. at 6 (suggesting a total fee award of $25,000). We disagree.

When a plaintiff has prevailed on some, but not all, of his or her claims, the court should consider the potential impact of partial success on the fee award:

> If any issues on which the plaintiff lost are unrelated to those on which he [or she] won, the unrelated issues must be treated as if they were separate cases and no fees can be awarded. . . . If, however, the claims on which the plaintiff lost are related to those on which he [or she] won, the court may award a reasonable fee. . . . The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole. . . . If the plaintiff has won excellent results, he [or she] is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he [or she] did not win. . . . If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained.

Jenkins, 127 F.3d at 716 (citations omitted). However, "[t]here is no precise rule or formula for making these determinations." Arneson v. Callahan, 128 F.3d 1243, 1249 (8th Cir. 1997) (quoting Hensley, 461 U.S. at 436). Moreover, we recall that "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986).

In the instant case, Barton was successful on the claim "at the heart of her case," namely her Title VII sexual harassment claim. Slip op. at 5. Moreover, she obtained a substantial judgment against Wal-Mart in the amount of $25,000. Although Barton was not successful on her other related claims against Wal-Mart, her success may nonetheless be considered significant, in light of the fact that the jury's verdict on her core claim "not only serve[d] to vindicate important personal rights as envisioned by the statute, but also [to] further the public's interest in providing a fair playing field in the work world." Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1222 (8th Cir. 1997) (holding that the district court did not abuse its discretion in permitting a $44,137.50 attorney's fee award in an ADA case where plaintiff was rehired and obtained a $3000 judgment against employer). Given Barton's relative degree of success, we do not believe that the district court abused its discretion in permitting an

attorney's fee award nearly thirty percent less than Barton's total attorney's fees.

Wal-Mart also argues that the district court erred in awarding attorney's fees for time related to Barton's pendent state law claims. Wal-Mart contends that, even if Barton had prevailed on her three state law claims, she would not have been able to recover attorney's fees for those claims under Arkansas law. Accordingly, Wal-Mart asserts that the district court should have reduced the fee award for time spent on these claims to which she was never entitled to recover fees.

Even assuming *arguendo* that fees are not recoverable under Arkansas law for Barton's state law claims, we do not believe that the district court abused its discretion in not further reducing the fee award, because Barton's state claims of assault and battery, outrage, and negligent retention shared a common core of facts with her Title VII claims, all of which arose from Ware's alleged sexual harassment of Barton. The Supreme Court has noted that, in some cases,

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Hensley, 461 U.S. at 435; see also Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) ("A fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit. . . . A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis.") (citation omitted).

6

Wal-Mart further claims that the hourly rates for counsel were too high and that much of the time for which Barton seeks attorney's fees was excessive, unreasonable, and duplicative. Wal-Mart also objects to the award of certain miscellaneous costs. We have reviewed the parties' submissions to the district court regarding these matters, and we cannot say that the district court abused its discretion.

**Conclusion**

For the reasons we have stated, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.