# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 00-1207/1208

———————

| | | |
|---|---|---|
| Kathleen Kline, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the Western |
| City of Kansas City, Missouri, | * | District of Missouri. |
| Fire Department, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

———————

Submitted: January 10, 2001

Filed: April 5, 2001

———————

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Five women employees sued the fire department of Kansas City, Missouri, variously alleging gender discrimination, race discrimination, and retaliation against them for opposing certain practices of the department. *See Kline v. City of Kansas City, Missouri, Fire Department*, 175 F.3d 660, 664 (8th Cir. 1999), *cert. denied*, 528 U.S. 1158 (2000). The trial court[1] and this court, between them, granted judgment

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

to the fire department on all of the claims of four of the women (some of the claims were decided by jury trial). *See id.* at 671.

For the plaintiffs, therefore, the sole victory from the earlier proceedings in this case was a judgment in favor of one of the women, Kathleen Kline, with an award of approximately $47,100 in compensatory damages and a promotion. On motion by Ms. Kline, the trial court eventually awarded approximately $277,900 in attorneys' fees and approximately $19,400 in costs to her. The fire department appeals the amount of the award for attorneys' fees (but not, apparently, the amount of the award for costs); Ms. Kline cross-appeals the trial court's denial of certain deposition expenses in the award of costs. We affirm in all respects.

I.

Ms. Kline brought this case under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e through § 2000e-17. Under those statutes, the trial court, "in its discretion," may award "a reasonable attorney's fee" to the prevailing party, *see* 42 U.S.C. § 2000e-5(k). "A prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances," *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (emphasis deleted). We review a trial court's "award of attorney's fees ... under Title VII for abuse of discretion," *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000).

The fire department contends that the attorneys' fee award of approximately $277,900 to Ms. Kline should be reduced to approximately $115,800 because of her attorneys' destruction of their contemporaneous time accounts and their submission, instead, of reconstructed time records. Basically, the fire department argues that because of Ms. Kline's submission of reconstructed time records, the trial court had no way to determine what amount was reasonable for an award of attorneys' fees. *See*, *e.g.*, *MacDissi v. Valmont Industries, Inc.*, 856 F.2d 1054, 1061 (8th Cir. 1988); *cf. Evans v. Robinson*, 897 F.2d 966, 970 (8th Cir. 1990) (party's failure to produce

account of assets or assets themselves in bankruptcy case allows presumption of party's withholding of evidence).

Ms. Kline responds that under the case law for this circuit, contemporaneous time accounts are not required to support a motion for attorneys' fees as long as the trial court concludes that reconstructed records "satisfactorily document [the] time," *MacDissi*, 856 F.2d at 1061. This circuit has already rejected, furthermore, the imposition of a *per se* rule that the submission of reconstructed time records rather than contemporaneous time accounts requires the denial of *all* attorneys' fees, *see id.*, so we see little reason to require a *reduction* of attorneys' fees in the same circumstances.

In several orders dealing with attorneys' fees in this case, the trial court "set forth in detail," *Firefighters Institute for Racial Equality v. City of St. Louis, Missouri*, 588 F.2d 235, 243 (8th Cir. 1978), *cert. denied*, 443 U.S. 904 (1979), its reasons for accepting or rejecting the various billing rates and totals for each lawyer and legal assistant. *See Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59, 59 n.2 (2d Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997); *cf. Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). After making its initial calculations with respect to attorneys' fees, moreover, the trial court reduced the preliminary total by 15 percent for "overlawyering," *see Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 193 (7th Cir. 1994), and by a subsequent 40 percent to reflect the plaintiffs' limited degree of success with respect to the case.

The final total, therefore, represents in our view a reasonable estimate, *see Wal-Mart Stores, Inc.*, 223 F.3d at 773, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (" 'no precise rule or formula for making [fee] determinations' " in cases with only partial success), of the value of Ms. Kline's case not only for resolving her individual claims but also for effecting various changes that will benefit others with

respect to the fire department's practices. *Cf. Gumbhir v. Curators of the University of Missouri*, 157 F.3d 1141, 1146 (8th Cir. 1998), *cert. denied*, 526 U.S. 1005 (1999).

In short, we believe that the trial court gave the request for attorneys' fees the "careful scrutiny" required, *Alexander*, 40 F.2d at 195, and "state[d] its reasons" for awarding the amount in question, *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981), *cf. Mammano v. Pittston Co.*, 792 F.2d 1242, 1246 (4th Cir. 1986), *cf. Gay v. Board of Trustees of San Jacinto College*, 608 F.2d 127, 128 (5th Cir. 1979). In these circumstances, we hold that the trial court committed no abuse of discretion in awarding approximately $277,900 in attorneys' fees to Ms. Kline.

## II.

In cases under Title VII, the trial court has the power to award costs to the prevailing party. *See* 42 U.S.C. § 2000e-5(k). Such awards are controlled by Fed. R. Civ. P. 54(d)(1). *See*, *e.g.*, *Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 n.6 (1st Cir. 1993); *cf. Washington v. Patlis*, 916 F.2d 1036, 1039-40 (5th Cir. 1990) (*per curiam*). *See also DiSalvo v. Chamber of Commerce of Greater Kansas City*, 568 F.2d 593 (8th Cir. 1978) (implicit), and *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50 (8th Cir. 1977) (implicit). We review a trial court's decision with respect to costs for an abuse of discretion. *See* 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil* 3d, § 2668, at 241, 247 (1998).

The trial court in this case awarded approximately $19,400 in costs to Ms. Kline. She cross-appeals that award, contending that the trial court abused its discretion when it refused to include expenses relating to certain depositions in the award of costs.

In several orders dealing with costs in this case, the trial court gave what we believe to be "deliberate, careful, and patient consideration of the discovery effort in light of the circumstances of [this] particular case, as well as a determination of [each] deposition's utility in assisting a resolution of the contested issues," *id.*, § 2676, at 429.

We see no abuse of discretion in the trial court's conclusions with respect to the award of costs related to depositions and therefore decline to revisit the question.

### III.

For the reasons stated, we affirm the trial court's award to Ms. Kline of approximately $277,900 in attorneys' fees and approximately $19,400 in costs.

LOKEN, Circuit Judge, dissenting in part.

I agree that the district court "gave the request for attorneys' fees the careful scrutiny required and stated its reasons for awarding the amount in question." Supra p.4. Nevertheless, when the district court found the case significantly overlawyered and in large part unsuccessful, I conclude it abused its discretion in awarding a fee of $277,900, almost six times the $47,100 in compensatory damages recovered by plaintiff Kathleen Kline. Accordingly, I would reduce the fee award to the amount urged by the fire department, $115,800. To that extent, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.