# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 03-2976
_____

George Williams,                              *
                                             *
        Appellee,                            *
                                             *
    v.                                       *    Appeal from the United States
                                             *    District Court for the Western
ConAgra Poultry Company,                     *    District of Arkansas.
                                             *
        Appellant.                           *    [UNPUBLISHED]
                                             *
_____          *
                                             *
Equal Employment Advisory Council,           *
                                             *
    Amicus on Behalf of Appellant.           *


_____

Submitted:  September 17, 2004
    Filed:  November 4, 2004
_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
    Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

George Williams has filed a motion for $66,759.50 in attorney's fees and
$14,416.92 in what Mr. Williams refers to as "costs" on appeal in this case.  ConAgra

filed a response to the motion, and Mr. Williams filed a reply. We grant the motion, in part.

Mr. Williams is a "prevailing party" entitled to "a reasonable attorney's fee," *see* 42 U.S.C. §§ 1983, 1988, but we reduce his award because he did not succeed on all issues, *see Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997). A jury found in Mr. Williams's favor in this employment discrimination action. ConAgra appealed the judgment, arguing that evidence should have been excluded, that Mr. Williams did not establish a hostile work environment, that the evidence was insufficient for punitive damages on both of Mr. Williams's discrimination claims, and that the punitive damages award of $6 million on his hostile work environment claim was unconstitutionally excessive. Mr. Williams prevailed on all issues except the last one. Aware that there is "no precise rule or formula for making [fee] determinations in cases with only partial success," *Kline v. City of Kansas City, Mo., Fire Dep't*, 245 F.3d 707, 709 (8th Cir. 2001), we have considered the record and conclude that a ten percent decrease in the attorney's fee award is reasonable in light of the results obtained.

We reject ConAgra's contention that Mr. Williams's attorneys spent an excessive amount of time preparing the brief, particularly given the magnitude of the judgment entered in the district court.

For several of its arguments challenging the fee request, ConAgra relies on a "Pre-bill Worksheet" prepared by the law firm representing Mr. Williams. The worksheet, which Mr. Williams attached to his motion without explanation, includes billings by three attorneys and a paralegal. As ConAgra points out, the worksheet

lists $200 as attorney Gerry Schulze's hourly rate, rather than $250, the hourly rate used for him in other documents attached to the motion and in the motion itself. We note that $200 per hour is the rate requested for Mr. Schultze in the district court and in a fee request in another recent appeal, and the instant motion relies on an affidavit filed in district court to support a $200 hourly rate for Mr. Schultze. But the same affidavit (signed by an attorney from another firm) attests to Mr. Schulze's reputation as "one of the brightest legal minds in [Arkansas]," with "skills of the highest order, especially in motion and appellate practice," and ConAgra does not argue that $250 is unreasonable. Having reviewed the record, we conclude that $225 an hour is a reasonable rate here for Mr. Schultze.

As ConAgra further notes, Mr. Schultze's lower hourly rate does not fully account for a significant difference between the worksheet's total billings and the greater amount that Mr. Williams requests for fees. But individual billing sheets for each attorney and the paralegal, as well as each attorney's affidavit, support the requested amount. And much of the discrepancy results from a failure of the worksheet to include separate charges for each participant in certain activities. When all participants properly included these activities in their separate bills, the total charges naturally increased. We are aware that each entry listed on attorney Tré Kitchens's individual bill cannot be explained by a corresponding worksheet entry, but we do not think that the worksheet alone precludes awarding the fees that his affidavit supports. We deduct $255 that he billed for "discovery" from his fees, however, because the parties agree that this billing was a mistake.

ConAgra challenges the charges for mediation, noting that the three attorneys, a paralegal, and Mr. Williams and his wife attended the one-day event in St. Louis. Although Mr. Williams does not request payment for the paralegal's mediation time,

he does seek fees for the three attorneys. But because we think that it was reasonable for two attorneys, at most, to attend the mediation, we award fees and travel expenses for only Mr. Schultze and attorney Morgan Welch.

We deny reimbursement of the Williamses' expenses for travel to mediation. We have not located nor has Mr. Williams cited us to any authority for ordering one party to reimburse another for his or her own travel costs. *Cf.* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2678 at 466 (Civil 3d 1998). We note that travel expenses for attorneys and many other out-of-pocket expenses that Mr. Williams's motion refers to as "costs" are more properly characterized as part of an attorney's fees award, which may include expenses that a law firm normally would bill to its client. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (per curiam). But the Williamses' own travel expenses are "clearly not" that type of expense. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir 1990).

The bill attached to Mr. Williams's motion includes travel expenses incurred during the month of the mediation that are not fully explained. For example, four hotel bills are listed under Mr. Welch's name. Because the bill reflects only airfare (and no hotel) for the Williamses and Mr. Schulze, we have assumed that the bills for these individuals were listed under Mr. Welch's name. We have also deducted from the award one unexplained hotel bill, and assumed that an extra airlines agent's fee under Mr. Schulze's name was for Mr. Kitchens.

We omit from reimbursement unexplained air travel expenses to St. Louis for Harry Ehrenberg (an "expert," according to another entry). Mr. Schultze's bill reflects that he left a message for Mr. Ehrenberg about "whether he should go to St. Louis

regarding Williams mediation," and that Mr. Ehrenberg returned the call. The entry continues, "He will be available by phone. GS [Mr. Schultze] to go to St. Louis." Mr. Williams has shown neither that Mr. Ehrenberg went to St. Louis nor why he would have gone.

ConAgra also contends that because Mr. Welch, not Mr. Schulze, presented the oral argument, Mr. Schultze's preparation and travel to St. Louis for argument should not be included in the award. On the day of argument, Mr. Schulze argued another case before the same panel of judges. But we conclude that it was reasonable in a case of this magnitude for Mr. Schultze, who worked on Mr. Williams's brief, to help him prepare for argument and be present at counsel table. We nonetheless have deducted half of Mr. Schultze's travel time and hotel bill because he also went to St. Louis for the case that he argued. Mr. Williams's own expenses for travel to argument are denied for the reasons already stated.

ConAgra also challenges fees for counsel's contacts with Mr. Williams's tax accountant and Mr. Ehrenberg, "expert fees" for Mr. Ehrenberg, and charges for contacts with an attorney at another firm "relat[ing] to tax and trust issues." In response, Mr. Williams argues that his attorneys had to consult a tax lawyer to ascertain the tax consequences of both the judgment and the manner in which "any particular argument was couched or resolved" on appeal. Although we think that tax advice may sometimes be recoverable as part of an attorney's fee award, we refuse Mr. Williams's request for payment of $4906.25 described simply as "Consultation fees paid to Friday, Eldredge & Clark [law firm]." To obtain attorney's fees a movant generally must establish the "appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Because the record includes no specifics about the hourly billings for the work performed by the Friday law firm nor the

qualifications and experience of the individuals performing that work, we conclude that Mr. Williams has not met his burden of showing that the lump sum charge should be included in a "reasonable attorney's fee," 42 U.S.C. § 1988. In addition, we exclude the $750 "expert fees" for Mr. Ehrenberg because we cannot determine what work was performed or its relationship to the appeal.

Finally, we note that over $500 in the requested expenses are dated before the appeal. But because the district court awarded attorney's fees and costs before the date of these expenses and thus did not consider them and ConAgra does not object to them, we include them in the award.

We therefore base our award on the following attorney's fees:

Attorney Morgan Welch: $23,850 (95.4 hours @ $250 per hour);

Attorney Gerry Schulze: $29,610 (131.6 hours @ $225 per hour) (hourly rate reduced from $250; 2.5 hours deducted for half of travel time for argument);

Attorney Tré Kitchens: $6765 (45.1 hours @ $150 per hour) (12 hours deducted for attending mediation; 1.7 hours deducted for "discovery");

Paralegal Cheryl Welch: $ 604.50 (9.3 hours @ $65 per hour).

Subtotal: $60,829.50.

Ten percent reduction ($6082.95) because Mr. Williams did not fully prevail–

Total $54,746.55.

We have deducted the following from Mr. Williams's requested "costs" of $14,416.92:

$ 77.21 (half of Mr. Schulze's hotel bill for oral argument)

682.61 (Mr. Kitchens's travel expenses for mediation)

742.01 (The Williamses' travel expenses for mediation)

257.30 (unexplained hotel bill at time of mediation)

249.00 (Mr. Ehrenberg's travel expenses for mediation)

173.19 (Mr. Williams's travel expenses for oral argument)

4906.25 ("[c]onsultation fees paid to Friday, Eldredge & Clark")

750.00 ("expert fees" for Mr. Ehrenberg)

Total deductions: $7837.57

Subtotal for expenses $6579.35.

Ten percent reduction ($657.93) because Mr. Williams did not fully prevail–

Total expenses: $5921.42.

Accordingly, we enter the following attorney's fee award:

Mr. Williams's motion for attorney's fees is granted, in part, and ConAgra is ordered to pay to Mr. Williams as attorney's fees a total of $60,667.97, which consists of $54,746.55 for attorney and paralegal time, and $5921.42 in other expenses. The clerk of this court is directed to request that the clerk of the district court add this attorney's fee award to the mandate. *See* Fed. R. App. P. 47C(C).

_____