# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3058

_____

Shirley Phelps-Roper

*Plaintiff - Appellant*

v.

Chris Koster, in his official capacity as Attorney General for the State of Missouri

*Defendant - Appellee*

Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County

*Defendant*

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri;
Ronald K. Repogle, in his official capacity as Superintendent of the Missouri State
Highway Patrol

*Defendants - Appellees*

Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for
Laclede County; Richard E. Wrinkle, in his official capacity as Sheriff of Laclede
County; Laclede County, Missouri

*Defendant*s

_____

No. 14-3266

_____

Shirley Phelps-Roper

*Plaintiff - Appellee*

v.

Chris Koster, in his official capacity as Attorney General for the State of Missouri

*Defendant - Appellant*

Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County

*Defendant*

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri; Ronald K. Repogle, in his official capacity as Superintendent of the Missouri State Highway Patrol

*Defendants - Appellants*

Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for Laclede County; Richard E. Wrinkle, in his official capacity as Sheriff of Laclede County; Laclede County, Missouri

*Defendant*s

———————————————

No. 15-1102

———————————————

Shirley Phelps-Roper

*Plaintiff - Appellant*

v.

Chris Koster, in his official capacity as Attorney General for the State of Missouri

*Defendant - Appellee*

Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County

*Defendant*

Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri; Ronald K. Repogle, in his official capacity as Superintendent of the Missouri State Highway Patrol

*Defendants - Appellees*

Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for Laclede County; Richard E. Wrinkle, in his official capacity as Sheriff of Laclede County; Laclede County, Missouri

*Defendant*s

_____

Appeals from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 22, 2015
Filed: March 4, 2016

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Shirley Phelps-Roper appeals the district court's adverse judgments on her due process claim as well as the court's award of attorneys' fees. On appeal, Phelps-Roper

argues the district court erred in (1) entering adverse judgments on her due process claim in light of Missouri repealing the statutes she challenged, and (2) reducing her award of attorneys' fees. We conclude that the district court erred when it failed to dismiss Phelps-Roper's due process claim as moot, and it abused its discretion when it calculated attorneys' fees. We reverse in part, vacate in part, and remand.

I

Phelps-Roper is a member of the Westboro Baptist Church and participates in funeral protests to publicize her religious beliefs–namely, that God is punishing America for its sins, including tolerance of homosexuality. Phelps-Roper initiated this action on July 21, 2006, against Missouri state and county officials[1] (the Officials) after the Missouri General Assembly enacted statewide restrictions on pickets and protests near funerals and funeral processions. Phelps-Roper claimed the funeral protest statutes, Missouri Revised Statutes §§ 578.501, 578.502, and 578.503, violated her constitutional rights of free speech, freedom of association, and the free exercise of religion.

With her complaint, Phelps-Roper filed a motion for a preliminary injunction against enforcement of § 578.502. After full briefing, the district court denied Phelps-Roper's motion for a preliminary injunction. Phelps-Roper filed an interlocutory appeal and a panel of this Court reversed the district court's denial of the preliminary injunction. Phelps-Roper v. Nixon, 509 F.3d 480 (8th Cir. 2007). The Officials filed a petition for rehearing. This Court granted panel rehearing and issued a modified opinion again reversing the denial of the preliminary injunction. Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008), reh'g and reh'g en banc denied, No.

---

[1]The original complaint included Jeremiah W. Nixon, in his official capacity as Attorney General of the State of Missouri; Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County; and Matt Blunt, in his official capacity as Governor for the State of Missouri.

07-1295 (8th Cir. Jan. 7, 2009), overruled by Phelps-Roper v. City of Manchester, Mo., 697 F.3d 678, 691 (8th Cir. 2012) (en banc) (holding the government's interest in protecting citizens from unwanted speech extends beyond the privacy of the home). Based on these results, the parties do not dispute Phelps-Roper's complete success in litigation from 2006–when she initiated this lawsuit–to January 2009–when this Court denied rehearing.

On remand and after the district court entered a preliminary injunction, Phelps-Roper amended the complaint twice to add additional defendants[2] and to add five more counts–for a total of fourteen counts–which alleged the following: Counts I and II alleged violations of the Free Speech Clause; Counts V, VI, and IX alleged violations of Freedom of Association Clause; Counts VII, VIII, X, and XI alleged "as-applied" challenges to the statutes; and Counts III, IV, XII, XIII, and XIV alleged violations of the Free Exercise Clause, Due Process Clause, and state law.

Thereafter both parties filed cross-motions for summary judgment. During discovery but before trial, Phelps-Roper voluntarily dismissed without prejudice Counts V, VI, and IX; and entered into consent judgments with the non-State defendants.[3] In the consent judgments, Phelps-Roper agreed to waive any claim for attorneys' fees.

---

[2]The additional defendants included: Ronald K. Repogle, in his official capacity as Superintendent of the Missouri State Highway Patrol; Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for Laclede County; Richard E. Wrinkle, in his official capacity as Sheriff of Laclede County; Laclede County, Missouri; and Raymond Blackburn, in his official capacity as Chief of the Lebanon Police Department. Additionally, Phelps-Roper substituted Jeremiah Nixon for Matt Blunt as Governor for the State of Missouri and Chris Koster for Jeremiah Nixon as Attorney General for the State of Missouri.

[3]Consent judgments were entered into by defendants Wright, Laclede County, Wrinkle, Blackburn, and Goodwin.

Two weeks before trial, the district court granted in part and denied in part as moot Phelps-Roper's motion for summary judgment. Specifically, the district court found both §§ 578.501 and 578.502 unconstitutional under the Free Speech Clause and granted Phelps-Roper summary judgment on Counts I and II, but denied as moot Counts III, IV, VII, VIII, X, XI, XII, XIII, and XIV. The Officials appealed to this Court.

On appeal we affirmed in part and reversed in part the district court's order. In particular we held § 578.501 unconstitutional but determined § 578.502 would be constitutional after severing the term "processions." Phelps-Roper v. Koster, 713 F.3d 942, 953-54 (8th Cir. 2013). We remanded the case to the district court to address the remaining claims.

On remand, Counts IV, XII, XIII, and XIV remained. Phelps-Roper voluntarily dismissed without prejudice all but her due process claim (Count XIV). The parties filed cross-motions for summary judgment on the due process claim. On March 10, 2014, the district court granted the Officials' motion for summary judgment and subsequently entered judgment. Phelps-Roper filed a motion to amend or alter judgment pursuant to Rule 59(e) requesting the district court to clarify the judgment to include: (1) § 578.501 is unconstitutional and unenforceable; and (2) whether the district court dismissed only Count XIV or the case entirely.

On August 28, 2014, the State of Missouri repealed the statutes at issue while Phelps-Roper's Rule 59(e) motion remained pending in district court. Five days later the district court entered an order denying Phelps-Roper's motion. That same day the district court entered a second judgment on the due process claim. One week later, Phelps-Roper filed a Rule 60(b) motion for relief from judgment requesting the district court to vacate the first judgment in light of Missouri's repeal rendering Count XIV moot. The district court denied Phelps-Roper's motion for Rule 60(b) relief.

Phelps-Roper filed a motion for attorneys' fees requesting an award of $298,841.25 in fees and $4,044.30 in expenses. The district court awarded Phelps-Roper reduced attorneys' fees in the amount of $113,425.54 and full expenses. The district court reached this amount by awarding Phelps-Roper full fees from 2006 until January 2009–equating to $65,325.00–for obtaining a preliminary injunction, and 2/14th of the remaining fees sought–amounting to $30,899.29 of the remaining $216,295.00–because "plaintiff ultimately prevailed on two of fourteen claims in her second amended complaint." The district court did not explain on which two of the fourteen claims Phelps-Roper had prevailed.

Phelps-Roper timely appealed the district court's order awarding partial attorneys' fees, the district court's orders denying her due process claim,[4] and the district court judgments of March 10, 2014, and September 2, 2014. The Officials filed a cross-appeal but conceded at oral argument they abandoned the cross-appeal. The cross-appeal is therefore dismissed. See C.I.R. v. Riss, 374 F.2d 161, 165 (8th Cir. 1967) (dismissing an abandoned cross-appeal).

## II

## A

Phelps-Roper first contends the district court erred in entering adverse judgments on her due process claim because the State of Missouri repealed the statutes in question and thus mooted this claim. "We review the district court's grant of summary judgment de novo." O'Neal v. Remington Arms Co., 803 F.3d 974, 978

---

[4]Phelps-Roper appeals the district court's adverse orders pertaining to her due process claim including: March 10, 2014, granting the Officials' motion for summary judgment; September 2, 2014, denying her Rule 59(e) motion; and December 8, 2014, denying her Rule 60(b) motion.

(8th Cir. 2015).  We also review questions of justiciability de novo.  St. Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 484 (8th Cir. 2006).

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."  Ringo v. Lombardi, 677 F.3d 793, 796 (8th Cir. 2012) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. (alteration in original).  Therefore, "[w]hen a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it."  Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994).

The State of Missouri repealed the statutes in controversy while Phelps-Roper's due process claim (Count XIV) remained pending in the district court.  Because the challenged statutes ceased to exist, a case in controversy regarding Phelps-Roper's due process claim also ceased to exist.  Her challenge thus became moot.  In such circumstances, the prevailing practice among district courts is to vacate judgments related to the merits of a challenge.  See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 120 (4th Cir. 2000).  However, the district court did not do so here.  In light of Phelps-Roper's appeal, we vacate the judgments related to her due process claims.  See Teague v. Cooper, 720 F.3d 973, 977 (8th Cir. 2013) (vacating the district court judgment after the case became moot in light of the relevant statute's repeal); see also Camreta v. Greene, 563 U.S. 692, 131 S. Ct. 2020, 2035 (2011) ("The equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'") (quoting United States v. Munsingwear, 340 U.S. 36, 39 (1950))).

We therefore vacate the district court's judgments on the due process claim and remand with instructions to dismiss Count XIV as moot.

B

Phelps-Roper next argues the district court abused its discretion in reducing her award of attorneys' fees subsequent to January 2009 because the award does not accurately reflect her overall degree of success. We review de novo the legal issues related to an award of attorneys' fees, Doe v. Nixon, 716 F.3d 1041, 1048 (8th Cir. 2013), and review the actual award of attorneys' fees for abuse of discretion, Miller v. Dugan, 764 F.3d 826, 830 (8th Cir. 2014).

Under the Civil Rights Attorney's Fees Act of 1976, codified at 42 U.S.C. § 1988, the district court may award reasonable attorneys' fees to prevailing parties in civil rights litigation. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The district court begins by determining the lodestar and then adjusts attorneys' fees upward or downward based on the "degree of success obtained" by the plaintiff, which is the most critical factor in determining the fee award. Id. at 436. The district court may grant a partial fee award to reflect a plaintiff's partial success. Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 772 (8th Cir. 2000). The Supreme Court recognized "[t]here is no precise rule or formula" for determining a reasonable fee award in light of a plaintiff's partial degree of success. Hensley, 461 U.S. at 436. However, we have followed the Supreme Court and rejected calculating fee awards based simply on the number of claims upon which the plaintiff prevailed. Id. at 428 (approving the district court's rejection of calculating attorneys' fees based strictly on a mathematical approach); Lowry ex rel. Crow v. Watson Chapel Sch. Dist., 540 F.3d 752, 765 (8th Cir. 2008) (rejecting an "arithmetically simplistic fee-calculation" approach to determining attorney's fees); Wal-Mart Stores, Inc., 223 F.3d at 772 (rejecting the argument attorneys' fees should be awarded based on the number of claims on which a party prevails).

The district court awarded Phelps-Roper $113,425.54 of the $298,821.25 lodestar.[5] The district court reached this amount by awarding her 100% of the fees sought from 2006 to January 2009, but only 14% of the remaining fees sought after January 2009 because she "only prevailed on two of her fourteen claims in her second amended complaint." Phelps-Roper contends the district court's fee award after January 2009 based on its 2/14th calculation was an abuse of discretion because its arithmetically simplistic fee calculation did not accurately reflect her degree of success of her interrelated claims.

We agree. The district court abused its discretion because its 2/14th calculation was improper and inaccurate. First, the district court's calculation was improper because its arithmetically simplistic fee award did not contemplate Phelps-Roper's overall degree of success. The 2/14th calculation did not consider the relative importance and interrelation of Phelps-Roper's claims. Hensley, 461 U.S. at 435 (holding claims for relief involving a common core of facts or based on related legal theories "cannot be viewed as a series of discrete claims"). Nor did it recognize Phelps-Roper's success on some claims rendering her alternative claims irrelevant. See, e.g., Phelps-Roper v. Koster, 713 F.3d at 947 n. 2 (recognizing that because the district court determined § 578.501 was unconstitutional based on its violation of the Free Speech Clause, the district court deemed moot and did not consider Phelps-Roper's Free Exercise challenge to § 578.501); Hensley, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of . . . certain grounds is not a sufficient reason for reducing a fee.") The district court's 2/14th calculation also did not examine her mixed litigation results: while we held § 578.502 constitutional with the word "processions" severed, we held § 578.501 unconstitutional; and while Missouri enacted another statute restricting protests near funerals, it also repealed the statutes in controversy.

---

[5]The parties do not contest the prevailing party, lodestar amount, hourly rate, and hours worked.

Ultimately the district court's sparse discussion provides no meaningful analysis of Phelps-Roper's claims, which is precisely why the mathematical approach is strongly disfavored. Henlsey, 461 U.S. at 428 (disapproving a mathematical approach because "no consideration is given for the relative importance of various issues, the interrelation of the issues, the difficulty in identifying issues, or the extent to which a party may prevail on various issues").

Second, even if we accepted the district court's basic mathematical approach, its 2/14th calculation is inaccurate because it did not address whether it counted consent judgments, mooted claims, and dismissed claims as prevailing, neutral, or unsuccessful claims. Due to the district court's scant discussion, we do not know which of the twelve claims the district court counted as unsuccessful; however, we do know this sum necessarily included consent judgments, mooted claims, and dismissed claims. But automatically characterizing a mooted claim or consent judgment as "unsuccessful" and subsequently reducing the fee award for this reason is inaccurate because the district court did not reach the merits of these claims. See Hensley, 461 U.S. at 435 (holding the court's failure to reach certain grounds is not a sufficient reason for reducing the fee award); Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 607 (2001) ("[P]arties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief."). Therefore, even if we accepted the district court's mathematical approach, the district court applied it incorrectly.

For the reasons stated, we find the district court abused its discretion. We reverse the district court's award of attorneys' fees.

## III

Accordingly, we reverse the district court; vacate the judgments of March 10, 2014, and September 2, 2014; direct the district court to dismiss Count XIV as moot; and remand with instructions to recalculate attorneys' fees consistent with this opinion.

_____