792 F.2d 1242
 52 Fair Empl.Prac.Cas. 794,
40 Empl. Prac. Dec. P 36,294
Darla MAMMANO, Patsy Hatfield, Judy McKinney, Nancy Bolen,
Patricia Runion, Robin Keener, and Rose Sansom, Appellees,
v.
The PITTSTON COMPANY, a corporation, Appellant.
Darla MAMMANO, Patsy Hatfield, Judy McKinney, Nancy Bolen,
Patricia Runion, Robin Keener, and Rose Sansom, Appellants,
v.
The PITTSTON COMPANY, a corporation, Appellee.
 Nos. 85-1494(L), 85-1507.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 5, 1986.
Decided June 5, 1986.
 
 Charles M. Surber, Jr. (David D. Johnson, Cheryl Harris Wolfe, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for appellant/cross-appellee.
 Susan E. Scheider and Betty Jean Hall (James G. Bordas, Wheeling, W.Va., on brief), for appellees/cross-appellants.
 Before HALL and PHILLIPS, Circuit Judges, and BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 BRITT, District Judge:
 The Coal Employment Project ("Project"), co-counsel for appellees,[1] appeals from an order of the district court denying its application for attorneys' fees under 42 U.S.C. Sec. 2000e-5(k). The Project made its application after appellees, six female coal miners from West Virginia, prevailed on their claims under Title VII of the Civil Rights Act of 1964. 42 U.S.C. Secs. 2000e et seq. The Project served as co-counsel for appellees with a local attorney in Wheeling, West Virginia. Although it denied the Project's fee petition in toto, the district court awarded the local attorney $75,000 in fees. We reverse the district court's order and remand the case for a redetermination of fees under the proper standard.
 * The Project, a public interest firm, was originally contacted by some of the appellees in September of 1982 concerning claims of sexual harassment in the workplace. The Project contacted a local attorney to pursue any tort claims appellees had against appellant arising out of the same facts. This action, originating as a tort suit, subsequently was filed by the local attorney. The Project apparently took full responsibility for the Title VII claims and assisted appellees in filing and pursuing charges of discrimination with the Equal Employment Opportunity Commission. The Project also assisted the local attorney in depositions and other trial preparation as it related to the Title VII issues, even though they were not yet counsel of record.
 Prior to trial the complaint was amended to include the Title VII claims, following which the Project sought, and was granted, permission to become counsel of record. Shortly thereafter, problems arose between counsel and the Project sought to withdraw in order to prevent the disagreements of counsel from adversely affecting the outcome of the case. In its motion to withdraw, the Project specifically noted its prior involvement with the Title VII claims and reserved its right to request attorneys' fees for services performed thus far should appellees ultimately prevail. Appellees eventually lost on the tort claims but prevailed on the Title VII claims, receiving declaratory and injunctive relief.
 The local attorney sought $150,938.02 in fees, and the Project sought $39,886 in fees, all allegedly attributable to the Title VII claims. The district court denied the Project's petition noting that only counsel of record at the time of the judgment on liability was entitled to fees. The district court, citing in general terms some of the inconveniences involved in representing numerous plaintiffs in separate geographic locations and the possible overlap of some of the Title VII issues with the tort issues, awarded the local attorney $75,000 in fees.
 II
 A prevailing plaintiff in a Title VII action is normally entitled to attorneys' fees unless special circumstances render such an award unjust. Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). We have observed on several occasions that "[t]he discretion of a district court in deciding whether to award attorneys' fees to a prevailing party is narrowly limited." Young v. Kenley, 641 F.2d 192, 194 (4th Cir.1981), cert. denied, 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); Bonnes v. Long, 599 F.2d 1316, 1318 (4th Cir.1979). Moreover, in exercising its discretion, the district court must provide "a concise but clear explanation of its reasons...." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In awarding fees, a district court must also consider and discuss its application of the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), and adopted by this court as the standard for awarding fees in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.1978). These factors enable a district court to arrive at a determination of the number of hours reasonably expended on a case and a reasonable hourly fee. Daly v. Hill, 790 F.2d 1071 (4th Cir.1986). Such a determination is crucial since, in most cases, the fee which is awarded should be calculated by multiplying the number of hours reasonably expended by a reasonable hourly fee. Blum v. Stenson, 738 F.2d 418. In some cases of exceptional success, however, an enhancement or upward adjustment of this amount may be justified. Blum v. Stenson, supra; Hensley v. Eckerhart, supra. In making its fee determination in this case, the district court erred in denying fees to the Project and in failing to articulate its reasons for awarding fees to the local attorney as required by our prior rulings.
 The district court denied the Project's petition on the mistaken belief that fees are not available to counsel who were not counsel of record at the time of trial. Serving as counsel of record at trial is not a prerequisite to the recovery of fees. The issue, simply, is whether services were performed which contributed to claimant's success in the lawsuit. It is undisputed on this record that the Project had sole responsibility for the initial investigation and administrative processing of the EEOC charges, a prerequisite to a Title VII suit. Fees for services performed at the administrative level are clearly available if the plaintiff eventually prevails. New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). Nor does the fact that the Project is a public interest firm as opposed to a private law firm jeopardize its entitlement to fees. Blum v. Stenson, supra; Tillman v. Wheaton-Haven Recreation Association, Inc., 517 F.2d 1141 (4th Cir.1975). Thus, the district court should have considered the merits of the Project's fee petition.
 Appellant contends that special circumstances exist justifying the denial of any fees to the Project, Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Specifically, appellant claims that the limited degree of success at trial, the Project's "abandonment" of the lawsuit on the eve of trial, the Project's degree of participation in the case, and the "inflated" nature of the Project's petition justify denial of the fee request. Certainly, the degree of success at trial, the amount of work performed and the reasonableness of the fee sought are factors to be considered in awarding fees under the proper standard. Barber v. Kimbrell's, Inc., supra; Johnson v. Georgia Highway Express, Inc., supra; Blum v. Stenson, supra; Hensley v. Eckerhart, supra. Except in extreme circumstances not apparent here, however, these factors do not justify a total denial of fees.
 Moreover, although an actual abandonment of a client's cause may justify the denial of an award under certain circumstances, the facts apparent from the record presented here do not support such action. The record indicates that the Project withdrew after providing valuable services to appellees because of conflicts with local counsel in order to avoid injuring their clients' case. Appellees were not left with counsel unfamiliar with the case, but were represented by the local attorney who had worked with the case from its inception. Withdrawal under these circumstances would appear to be in the best interest of appellees and would not, if nothing else is shown on remand, amount to special circumstances justifying an absolute denial of fees.
 Finally, appellant argues that the $75,000 fee awarded to the local attorney is sufficient to cover all fees to which appellees are entitled. The district court, however, failed to articulate its reasons for this award as required by our prior rulings. Barber v. Kimbrell's, Inc., supra. Even considering this award in isolation,[2] then, it is clear that the district court's failure to articulate its reasons precludes a meaningful review thereof.
 Accordingly, we reverse the district court's order denying fees to the Project and awarding fees to the local attorney and remand the matter for reconsideration. Upon remand, the district court shall award reasonable attorneys' fees in accordance with this opinion for services rendered at the administrative, trial and appellate level, including those expended to resolve the issue of attorneys' fees. Young v. Kenley, 641 F.2d 192, 195 (4th Cir.1981), cert. denied, 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982).
 REVERSED AND REMANDED.
 
 
 
 [1]
 Appellees, plaintiffs below, are designated appellees in No. 85-1494(L) and appellants in No. 85-1507. The Pittston Company, who filed the first appeal in this matter, No. 85-1494(L), is designated as appellant herein although it chose not to pursue the claims raised in its appeal
 
 
 [2]
 We express no opinion on the total fee award or the rights of counsel thereto inter se