**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARLENE WALKER,
Plaintiff-Appellant,

v.

CONSTANCE A. CRIGLER; FRANK B.
WITESELL, III,
Defendants-Appellees.

No. 93-1274

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-90-1076-A)

Argued: October 27, 1997

Decided: May 5, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Roger E. Warin, STEPTOE & JOHNSON, L.L.P., Wash-
ington, D.C., for Appellant. Robert Emmett Scully, Jr., REES,
BROOME & DIAZ, P.C., Vienna, Virginia, for Appellees. **ON
BRIEF:** Brian A. Davis, STEPTOE & JOHNSON, L.L.P., Washing-
ton, D.C., for Appellant. Susan Richards Salem, REES, BROOME &
DIAZ, P.C., Vienna, Virginia, for Appellee Whitesell; Paula Steinhil-

ber Beran, LECLAIR RYAN, P.C., Richmond, Virginia, for Appellee Crigler.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The instant appeal involves a challenge to the district court's award of attorney's fees in the amount of $6,281 following a fee request for $113,579.95. The question presented for our consideration is whether the district court erroneously applied Fed. R. Civ. P. 68 ("Rule 68") to bar attorney's fees incurred following a Rule 68 Offer of Judgment. We vacate and remand for reconsideration of the proper fee award.

The application of Rule 68 to bar post-offer attorney's fees raises a question of law that we review de novo. Williams v. Kingston Shipping Co., 925 F.2d 721, 725 (4th Cir. 1991).

I.

Darlene Walker ("Walker") filed suit in 1990 against Constance A. Crigler ("Crigler"), a professional realtor, and Frank B. Whitesell, III ("Whitesell"), the owner of property managed by Crigler, alleging a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 - 3619. Before trial, Crigler made a Rule 68 Offer of Judgment to Walker in the amount of $5,000 plus costs. Walker rejected the offer and the case proceeded to trial.

The jury returned a verdict against Crigler and awarded Walker $5,000 in compensatory damages, but exonerated Whitesell of any responsibility for the discriminatory acts of his agent, Crigler. In an earlier appeal, we held that Whitesell had a nondelegable duty to prevent discrimination in the sale or lease of his property. Walker v.

2

Crigler, 976 F.2d 900, 904 (4th Cir. 1992). We remanded the case to the district court and directed entry of judgment against Whitesell in the amount of $5,000.

After remand, Walker filed a motion for attorney's fees pursuant to 42 U.S.C. § 3613(c)(2). Walker requested attorney's fees totaling $113,579.95, plus $7,1080.10 in costs. The district court, however, awarded only attorney's fees of $6,281 plus costs.

In calculating the fee award, the district court first found that Walker's refusal to accept Crigler's Rule 68 Offer of Judgment precluded her recovery of any post-offer attorney's fees. Because the $5,000 judgment obtained against Whitesell exactly equaled the $5,000 offered by Crigler, the court reasoned that counsel's post-offer expenditure of time on the case was unreasonable and therefore not compensable.*

Multiplying counsel's hourly rate of $150 by the requested number of pre-offer hours, 167.50, the district court arrived at a lodestar award of $25,125. The court made no findings as to whether the expenditure of 167.50 hours was reasonable. Finally, the district court concluded that the lodestar award was unreasonable and reduced the fee award by 75% to $6,281 "to reflect a reasonable fee for a case with clear issues and minimal damages." Memorandum Opinion, at 6.

II.

Walker challenges the district court's reliance on Crigler's Rule 68 Offer of Judgment to prohibit the recovery of all post-offer attorney's fees. Whitesell and Crigler concede that Crigler's offer did not create a per se bar to Walker's recovery of post-offer attorney's fees,

_____

*Rule 68 provides, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

3

because attorney's fees are not included in the definition of costs under § 3616(c)(2) of the Fair Housing Act. See, e.g., Marek v. Chesny, 473 U.S. 1, 9 (1985); Sheppard v. Riverview Nursing Center, Inc., 88 F.3d 1332, 1337 (4th Cir.), cert. denied, 117 S. Ct. 483 (1996) (holding that Rule 68 does not preclude an award of post-offer attorney's fees where the applicable statute expressly distinguishes attorney's fees from costs). Whitesell and Crigler argue, however, that the district court properly found that Walker's rejection of Crigler's settlement offer was a significant factor to be evaluated in determining whether Walker's fee request was reasonable.

It is plain, however, that the district court's sole basis for excising all post-offer attorney's fees from Walker's fee award was the existence of Crigler's Rule 68 offer. Because Rule 68 does not effect such a bar in the instant case, we hold that the district court erred as a matter of law by denying Walker an award of post-offer attorney's fees. We therefore vacate the district court's order and remand for reconsideration of the appropriate fee award.

On remand, the district court should award both pre-and post-offer attorneys' fees. In calculating the amount of the award, the court should first determine the lodestar award by multiplying the $150 hourly rate previously determined to be reasonable by the number of hours reasonably expended. "[T]he starting point for determining a proper attorney's fee award is to multiply the number of hours reasonably expended by a reasonable hourly rate." Trimper v. City of Norfolk, 58 F.3d 68, 75 (4th Cir.), cert. denied, 116 S. Ct. 535 (1995) (citing Rum Creek Coal Sales, Inc. v. Caperton , 31 F.3d 169, 174 (4th Cir. 1994)). The court should apply the twelve factors set forth in Barbers v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir.), cert. denied, 439 U.S. 934 (1978), to determine the number of hours reasonably expended, and must articulate its reasons for any reduction in hours. Mammano v. Pittston Co., 792 F.2d 1242, 1245 (4th Cir. 1986). The lodestar award may be decreased if particularized findings are made which support further reduction pursuant to the Barber factors or proportionality concerns, see Farrar v. Hobby, 506 U.S. 103, 114-15 (1992); Sheppard, 88 F.3d at 1336. Review for proportionality should encompass not only a comparison of the relief requested to that recovered, but also a determination of whether public interests

4

have been served by resolution of the dispute. <u>Sheppard</u>, 88 F.3d at 1336.

<u>CONCLUSION</u>

The district court's order awarding attorney's fees in the amount of $6,281 is hereby

<u>VACATED AND REMANDED</u>.

5