Vicky T. **BENNETT**, Plaintiff,

v.

**CSX TRANSPORTATION, INC.**, Defendant.

**No. 5:10–CV–493–BO.**

United States District Court, E.D. North Carolina, Western Division.

Oct. 30, 2012.

Ayesha T. Washington, The Washington Law Firm, LLC, James D. Gandy, III, Pierce Herns Sloan & McLeod, Julie L. Moore, William M. McLeod, Pierce, Herns, Sloan & Wilson, LLC, W. Mullins McLeod, Jr., McLeod Law Group, LLC, Charleston, SC, Carter T. Lambeth, Johnson Lambeth & Brown, Wilmington, NC, Robert H. Sasser, III, Sasser Fields LLP, Raleigh, NC, for Plaintiff.

John C. Millberg, John C. Millberg, Meredith E. Woods, Meredith Elaine Woods Millberg, Gordon and Stewart, PLLC, Raleigh, NC, Scott S. Cairns, McGuireWoods LLP, Jacksonville, FL, for Respondent.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on two motions for attorneys fees filed by counsel for plaintiff. Defendant has responded, and the matters are ripe for ruling. For the reasons discussed below, the motions are granted in part and denied in part.

## BACKGROUND

After a jury trial on the merits held in Elizabeth City, North Carolina, plaintiff Vicky Bennett prevailed on her hostile work environment claim under Title VII of the Civil Rights Act of 1964. By its verdict of June 22, 2012 [DE 195], the jury awarded Ms. Bennett $150,000 in compensatory damages. The Court subsequently entered judgment for plaintiff awarding back and front pay [DE 208, 209]. The Court now considers motions for attorneys fees filed by plaintiff's counsel.

## DISCUSSION

 As prevailing party, the Court may award plaintiff reasonable attorneys fees and costs, including expert fees, pursuant to 42 U.S.C. § 2000e–5(k). "The purpose of awarding fees is to encourage attorneys to prosecute cases that vindicate the objectives of Title VII though they might be economically unattractive under a contingency fee arrangement." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 652 (4th Cir.2002).

### *Attorneys' Fees*

 In order to determine the amount of reasonable attorneys' fees, the Court first calculates the lodestar amount by multiplying the reasonable number of hours spent by a reasonable rate. *Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 243 (4th Cir.2009). The "lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010). In determining what constitutes a rate and number of hours that are reasonable, the Court considers the following factors:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within

the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243–44 (citing *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974))). When considering the *Johnson* factors, the court need not robotically list each factor nor comment on those factors that do not apply. *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.),* 86 F.3d 364, 376 (4th Cir.1996).

■ The Court next subtracts from the lodestar amount any hours spent on unsuccessful claims that are unrelated to successful claims, and finally awards a percentage of the amount that remains, to be determined by the degree of success enjoyed by the prevailing party. *Grissom v. The Mills Corp.,* 549 F.3d 313, 321 (4th Cir.2008) (citation omitted). The existence of a contingent fee contract between the attorney and prevailing client is another factor to be considered by the court. *Blanchard v. Bergeron,* 489 U.S. 87, 95–96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). However, the contract is merely a factor and imposes neither a ceiling nor a floor on the court's discretion. *Id.*

■ Plaintiff's trial counsel[1] requests a total fee award of $587,240 for work performed through July 13, 2012. Plaintiff's trial counsel also requests conditional attorneys fees for future legal work performed related to further briefing, post-trial motions, and any subsequent appeal. Plaintiff's former law firm requests a total

of $705,186.50 in attorneys fees.[2] A former law firm may submit a petition for fees so long as their work contributed to the party's success in the lawsuit. *Mammano v. Pittston Co.,* 792 F.2d 1242, 1245 (4th Cir.1986).

*Lodestar Amount*

■ Generally, determination of the hourly rate is the critical inquiry in determining a reasonable fee, and the burden is on the moving party to show that the rate requested is reasonable. *Robinson,* 560 F.3d at 244. As both motions rely on the same affidavits to set the hourly rate, the Court considers this issue at the outset.

I. *Hourly Rate*

■ In order to establish an hourly rate, a "fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990) (quotation omitted). Both motions rely on affidavits submitted by two labor and employment attorneys who have worked in the Raleigh, North Carolina area market for several years. Each submits that an hourly rate of $410 is appropriate for a lead attorney, $300 is appropriate for an associate attorney, and $160 is appropriate for paralegal time for a case of this type in this market [DE 210–1 & 210–2]. The affiants have practiced in this market for many years and have concentrated their respective practices on employment discrimination and civil litigation, one affiant having served as the chair of the North Carolina Bar Association's Labor and Employment Section Council.

---

**1.** "Trial counsel" shall refer herein to W. Mullins McLeod, Jr., Julie Moore, Ayesha Washington, Brooke DiMeo, and Sarah Lundquist and their motion at DE 200. "Former law firm" or "Pierce Herns" shall refer herein to the law firm of Pierce, Herns, Sloan & Wilson and its motion at DE 205.

**2.** These amounts reflect the law firm's amended request as stated in its reply brief [DE 210].

These rates are also the rates included in counsels' billing statements in the instant matter. The Court has also considered that this was an emotionally charged case for plaintiff that took almost three years to come to a resolution, in addition to the skill required to perform the services rendered and the experience and ability of counsel, including engaging in a five day jury trial resulting in an award for plaintiff.

Though the hourly rates submitted appear to be at the high end of this market's range, based upon the record currently before the Court, and though defendant has proffered conflicting evidence as to the appropriate market rates, the Court is persuaded that the rates submitted by plaintiff's counsel are reasonable. Accordingly, the Court will apply the rates as requested by plaintiff's counsel to a reasonable number of hours in order to calculate the lodestar amount. However, consistent with the amendment by plaintiff's former law firm to reflect only 50% billing for travel time, the Court will similarly reduce the award to trial counsel for travel time. *See e.g. Herring v. Thomasville Furniture Indus., Inc.,* No. 4:96CV81, 1999 WL 1937352 (M.D.N.C. August 31, 1999). Accordingly, as denominated by defendant, 51 of McLeod's hours, 16 of Moore's hours, 13.5 of Washington's hours will be billed at a 50% rate.

## II. *Number of Hours*

### A. *Trial Counsel*

The number of hours submitted by trial counsel reflect only the time period following his departure from plaintiff's former law firm through trial and the instant motion—November 2011 through July 2012. The Court in its discretion finds that the number of hours claimed by trial counsel is reasonable. The Court has considered the amount of time and labor expended by counsel in prosecuting plaintiff's claims and the statements by the affiants in this matter regarding defense counsels' capabilities and their opinion that trial counsel would have had to utilize considerable legal skill and resource to prevail; defendant is a national corporation with financial and legal resources at its disposal. The Court has also considered trial counsels' opportunity costs in taking this case on a contingent fee basis and in prosecuting plaintiff's claims to a jury verdict, as well as the burdens of the factual requirements of Title VII and the evidentiary issues encountered.

### B. *Pierce Herns*

Pierce Herns includes in its motion nearly 2,000 attorney hours and 400 staff hours, including those spent taking more than thirty depositions, handling discovery disputes, and dealing with multiple experts, representing a great deal of time and labor expended. While defendant contests many of the hours submitted as improperly billed or "block billed," the Court finds that the Pierce Herns' records are sufficiently detailed in order to provide the Court with a basis upon which to assess them.

The Court finds reasonable Pierce Herns' agreement to subtract any hours spent on plaintiff's insurance claim, in addition to finding reasonable McLeod's across-the-board reduction of 200 hours spent on plaintiff's case while at Pierce Herns to avoid duplicative or otherwise inappropriate billing. However, having considered the skill required to properly defend against the motion for summary judgment, the opportunity costs to several of Pierce Herns' employees who spent numerous hours on the instant action, the nature and length of the professional relationship between plaintiff and her former law firm, and the fees awarded in similar cases as presented in the motion, the Court finds that the remaining number of

hours requested by Pierce Herns as amended is reasonable.

### III. *Multiplier*

 "In some cases of exceptional success, ... an enhancement or upward adjustment of this amount may be justified." *Mammano,* 792 F.2d at 1245. Plaintiff's trial counsel has requested a multiplier of two in light the extensive work necessary to successfully prosecute plaintiff's claims. "[A]n enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation," such as the complexity of the case or the quality of an attorney's performance, and a "fee applicant seeking an enhancement must produce 'specific evidence' that supports the award." *Perdue v. Kenny A. ex rel. Winn,* 130 S.Ct. at 1673 (citations omitted). As trial counsel has failed to proffer any specific evidence to support an enhancement nor any reason for the enhancement that is not already subsumed in the lodestar calculation, the Court denies trial counsels' request for a multiplier.

### IV. *Lodestar Amount*

 Accordingly, the lodestar amount for trial counsel totals $278,740 and the lodestar amount for Pierce Herns totals $705,186.50.

### *Unsuccessful Claims*

The Court next subtracts from the lodestar amount any hours spent on unsuccessful claims that are unrelated to successful claims. By order entered December 23, 2011, the Court dismissed plaintiff's five state law tort claims. As opposed to attempting to identify the specific hours that related to the unsuccessful claims, the Court will simply reduce the award to reflect plaintiffs lack of success on several claims. *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court finds that a 50% reduction of fees awarded to plaintiff's former law firm is reasonable to reflect plaintiff's lack of success on her state law claims, recognizing that though more than half of her claims were dismissed, the gravamen of plaintiff's case was her claims under Title VII and FELA. *See Scales v. J.C. Bradford and Co.,* 925 F.2d 901, 910 (6th Cir.1991) (fifty percent reduction appropriate where plaintiff was unsuccessful on two of four claims). The Court declines to reduce the fee for plaintiff's trial counsel because, although the jury in this matter returned a verdict for plaintiff only on her Title VII claim and not her FELA claim, those claims were sufficiently related—indeed the jury was instructed that, if appropriate, it was to make a single monetary award on both claims—that a reduction is not warranted. Further, the Court declines to make any reduction based on plaintiff's rejection of defendant's settlement offer as the jury award combined with the Court's award of front and back pay are much greater than any amount offered in settlement.

Accordingly, trial counsels' fee remains at $278,740 and plaintiff's former law firm's fee is reduced to $352,593.25.

### *Degree of Success*

Finally, the Court considers the degree of success enjoyed by plaintiff and awards an appropriate percentage of the amount that remains. Having considered the overall circumstances of this case, plaintiff's survival of defendant's summary judgment motion, and her favorable jury verdict, the Court finds that an award of 100% of the remaining amount is appropriate as to both plaintiff's trial counsel and former law firm.

As discussed above, the Court has considered counsels' requests and defendant's opposition and has determined that $278,740 in attorneys fees for trial counsel and $352,593.25 in attorneys fees for plaintiff's former law firm are reasonable. The Court has further considered the 40% con-

tingent fee contract in this matter and the reasonableness of this award in light of plaintiff's overall award of roughly $839,000, in addition to the "important civil and constitutional rights that cannot be valued solely in monetary terms" that plaintiff sought to vindicate. *Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

### Costs

■■■ The Court next considers counsels' requests for costs. As final judgment has been entered in this matter, the Court's consideration of counsels' request is appropriate. Fed.R.Civ.P. 54(d). The Court enjoys wide discretion in awarding costs to a prevailing party, *Flint v. Haynes,* 651 F.2d 970, 973 (4th Cir.1981), and costs that may be awarded will generally include travel, copy, and other expenses that would normally be charged to a client. *Trimper v. City of Norfolk,* 58 F.3d 68, 75 (4th Cir.1995). A party seeking costs must provide the court with adequate documentation of the costs sought, *Id.* at 77, but there is a presumption in favor of awarding costs to the prevailing party. *Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir.1994). In addition to considering those costs allowed under Rule 54 and the Court's local rules, "where attorney's fees are expressly authorized by statute ..., the trial court is not limited to Rule 54(d) [when awarding costs], but, in addition, has authority to include litigation expenses as part of a reasonable attorney's fee." *Herold v. Hajoca Corp.,* 864 F.2d 317, 323 (4th Cir.1988) (quotation and citation omitted).

### I. *Trial Counsel*

■■■ Plaintiff's trial counsel requests $52,790.84 in costs. Again, trial counsel's request reflects only those costs incurred between November 2011 and July 2012. Though defendant asks the Court not to award trial counsel *any* costs due to insufficient documentation, upon review the Court finds that the billing entries submitted by trial counsel provide a sufficient basis upon which it can award costs. The Court agrees with defendant, however, that trial counsel's request for $184.25 in mileage and $1,245.77 for rental car charges related to trial are duplicative, and thus declines to award trial counsel $184.25 in mileage. The Court further reduces the costs awarded to trial counsel for $3,416.20 in mediation costs, *see Mota v. Univ. of Tex. Houston Health Science Center,* 261 F.3d 512, 530 (5th Cir.2001) (mediation costs not taxable under Title VII), and $507.24 for office supplies, *see Mehringer v. Vill. of Bloomingdale,* No. 00C7095, 2003 WL 21506856 *14 (N.D.Ill.) (office supplies are not taxable costs in Title VII action).

■■■ The Court allows, however, trial counsel's request related to the licensing fee paid to GE as a litigation expense and part of a reasonable attorney's fee. Finally, the Court declines to reduce trial counsel's costs due to plaintiff's partial success. Though plaintiff's state law claims were dismissed, her Title VII and FELA claims were inextricably related and formed the basis for plaintiffs overall claim for relief. A reduction in costs is therefore unnecessary as plaintiff was successful on the gravamen of her case. Accordingly, the Court finds reasonable an award of costs to plaintiff's trial counsel in the amount of $48,683.15.

### II. *Pierce Herns*

■■■ Plaintiff's former law firm requests $139,122.53 in costs. Defendant opposes costs for experts who did not testify at trial and for depositions of witnesses who did not testify at trial. However, in the absence of any authority cited by defendant to deny these costs, the Court finds them to be reasonable costs as well as litigation expenses part of a reasonable

712

attorney's fee. The Court does agree with defendant, however, that $31,997.81 is an unreasonable amount for travel costs, especially in light of the lack of detail in billing. The Court therefore reduces Pierce Herns' travel costs by 50% to $15,998.91. The Court also subtracts from Pierce Herns' costs $5,918.31 for online legal research, *see e.g. Tsombanidis v. City of W. Haven,* 208 F.Supp.2d 263, 287 (D.Conn.2002), and finds unreasonable Pierce Herns' request for $270.32 for PACER costs.

In regard to defendant's opposition to Pierce Herns' copy costs, the Court notes that photocopy expenses are taxable as costs "so long as they are necessarily obtained for use in the case." *AM Props. v. Town of Chapel Hill,* 202 F.Supp.2d 451, 454–55 (M.D.N.C.2002). In the absence of a showing that the copies were not obtained for use in the case, the Court will allow Pierce Herns' copy costs. Finally, as discussed above, the Court in its discretion declines to reduce plaintiff's former counsel's costs in light of plaintiff's partial success. Accordingly, the Court awards Pierce Herns $116,934.99 in costs.

### CONCLUSION

For the reasons discussed above, the motions for attorneys fees and costs [DE 200 & DE 205] are GRANTED IN PART AND DENIED IN PART. Plaintiff's trial counsel is hereby awarded $278,740 in attorneys' fees and $48,683.15 in costs. Plaintiff's trial counsel may also move to amend this award or for supplemental fees if appropriate based on further actions necessary in this matter. Plaintiff's former law firm of Pierce Herns is hereby awarded $352,593.25 in attorneys' fees and $116,934.99 in costs.